[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT BRENDA CARTER'S MOTIONS FOR SUMMARY JUDGMENT ON CROSSCLAIMS FILED BY DEFENDANT RENTAL CAR RESOURCES, INC.
The defendant Brenda Carter moves for summary judgment on the crossclaims for indemnity filed by RCR, on the ground that defendant Carter, as a matter of law, could not have had "exclusive control of the situation," and/or on the ground that RCR failed to allege that an independent legal relationship exists between RCR and defendant Carter.
The present action arises out of a motor vehicle collision between a vehicle operated by Brenda Carter and owned by Rental Car Resources, Inc. ("RCR"), and a vehicle owned and operated by Corin Bligh. On October 23, 1991, the plaintiff, Gwen Carter ("plaintiff Carter") filed a five-count complaint which names RCR, Corin Bligh and Brenda Carter as defendants (#CV91-0502970) ("the Carter case"). In her complaint, plaintiff Carter alleges that she sustained various injuries on October 26 1989, while riding as a passenger in a vehicle operated by Brenda Carter ("defendant Carter") when that vehicle collided with a vehicle operated by Corin Bligh. The plaintiff alleges that defendant Carter was operating her vehicle (owned by RCR) as an agent or employee of RCR, and using the vehicle with the permission and consent of RCR at the time of the collision.
In the first count of her complaint, plaintiff Carter asserts a negligence claim against Bligh. In the second count, plaintiff Carter asserts a recklessness claim against Bligh. In the third and fourth counts, plaintiff Carter CT Page 10640 asserts causes of action pursuant to General Statutes 154a, and seeks to hold RCR liable for defendant Carter's alleged negligence and recklessness in the operation of RCR's vehicle. In the fifth count, plaintiff Carter alleges that she is entitled to collect from RCR's uninsured motorist coverage.
On November 4, 1991, plaintiff Devery Smith, also a passenger in the vehicle operated by Brenda Carter, filed a complaint which names RCR, Corin Bligh, and Brenda Carter as defendants (Smith v. Bligh, #CV91-0503425)("the Smith case").
On May 21, 1992, RCR filed crossclaims against defendant Carter in both the Carter and Smith cases. In support of these crossclaims which seek indemnification, RCR alleges that on October 26, 1989, it entered into a written rental agreement with a person named Elisha Carter, and that this agreement did not list defendant Carter as an additional driver. RCR further alleges that defendant Carter was in control and possession of the vehicle to the exclusion of RCR at the time of the collision, and that RCR had no reason to know of or anticipate defendant Carter's negligence.
On January 8, 1993, defendant Carter filed two-count amended crossclaims against RCR in both the Carter and Smith cases. In the first count of each amended crossclaim, defendant Carter alleges that she was an authorized driver under the rental agreement, and as such, was entitled coverage under RCR's liability insurance policy. In the second count of each amended crossclaim, defendant Carter alleges that RCR is liable for any injuries sustained by plaintiffs pursuant to General Statutes 14-154a.
On June 16, 1993, defendant Carter filed motions for summary judgment on the crossclaims filed by RCR, along with supporting memoranda of law, in both the Carter (#125) and Smith (#140) cases. RCR filed objections and opposing memoranda in both cases. Both motions for summary judgment raise identical arguments and are addressed to crossclaims which state claims and allegations that are essentially identical.
On July 26, 1993, the court, Walsh, J., granted defendant Carter's motion to consolidate the Carter and Smith cases. (The court consolidated these cases with Bligh v. Brenda CT Page 10641 Carter, #CV91-0503746, a case which is not relevant to the instant motions).
"Practice Book 384 provides that summary judgment shall be entered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Citations omitted; internal quotation marks omitted.) Lees v. Middlesex Insurance Co.,219 Conn. 644, 650, 594 A.2d 952 (1991). Because the burden of proof is on the moving party, the facts presented must be viewed in the light most favorable to the party opposing the motion. Mingachos v. CBS, Inc., 196 Conn. 91, 111,491 A.2d 368 (1988).
In support of her motions for summary judgment, defendant Carter argues that RCR's claims for indemnity, based on allegations that defendant Carter was actively negligent, are not valid claims because there cannot be "exclusive control of the situation" in an automobile accident involving two drivers. Defendant Carter further argues that RCR, in its crossclaims, fails to allege that an independent legal relationship existed between RCR and defendant Carter, and that such an independent legal relationship cannot exist because defendant Carter was not a party to the written rental agreement between RCR and Elisha Carter.
Indemnity is a claim for reimbursement in full from one on whom primary liability is claimed to rest. Krytatas v. Stop Shop, Inc., 205 Conn. 694, 701, 535 A.2d 357 (1988). "Ordinarily, there is no right of indemnity between joint tortfeasors." (Citations omitted.) Atkinson v. Berloni,23 Conn. App. 325, 326, 580 A.2d 432 (1989). However, an implied obligation to indemnify exists between joint tortfeasors where one tortfeasor is primarily or actively negligent. Kaplan v. Merberg Wrecking Corp., 152 Conn. 405, 4112, 207 A.2d 732
(1965). In order to successfully plead active-passive negligence, the party must allege facts sufficient to prove
 (1) that the other tortfeasor was negligent; (2) that his negligence, rather than the plaintiff's was the direct immediate cause of the accident and injuries; (3) that he was in control of the situation to the exclusion of the plaintiff; and (4) that the plaintiff CT Page 10642 did not know of such negligence, had no reason to anticipate it, and could reasonably rely on the other tortfeasor not to be negligent.
(Emphasis added; citations omitted; internal quotation marks omitted.) Burkert v. Petrol Plus of Naugatuck, Inc.,216 Conn. 65, 74, 579 A.2d 26 (1990). In addition to the four elements stated in Burkert, "in order to be entitled to indemnification from a tortfeasor, the party seeking indemnification must establish that the alleged indemnitor owed that party a duty based on an independent legal relationship." Atkinson v. Berloni, supra, 328.
Defendant Carter contends that she could not, as a matter of law, have "exclusive control" of the situation, because the "situation" in question is an accident involving two vehicles that were traveling on a public highway. RCR contends that "exclusive control" involves control of the vehicle, and not control of the accident site.
In support of her argument, defendant Carter relies on Mahoney v. Gibson, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 55256 (June 26, 1984, Lewis, J.). In Mahoney, one defendant (the third-party plaintiff), as the operator of one of the vehicles involved in the accident which injured the plaintiff, filed a third-party complaint for indemnity against two other defendants, a husband and wife who, respectively, were the owner and operator of the other vehicle involved the accident (the third-party defendants). Id. In granting the third-party defendants' motion to strike, the court ruled that the third-party defendants, as owners and operators of a motor vehicle involved in a multi-vehicle collision, "could not have had control over the situation involved in the accident to the exclusion of the [third-party plaintiff]." Id. In Mahoney, the third-party plaintiff was also an operator of a motor vehicle that was involved in the accident which allegedly caused the plaintiff to sustain injuries, and as such, the third-party plaintiff also could have been actively negligent. In the present actions, RCR does not allege that defendant Carter had control of the situation to the exclusion of the operator of the other vehicle involved in the accident which allegedly caused the plaintiffs to sustain injuries. Rather, RCR alleges that it was the owner of the rental vehicle, and that defendant Carter, as the operator of the rental vehicle, CT Page 10643 was actively negligent because she had exclusive control of the rental vehicle at the time of the accident. The Mahoney case can be factually distinguished from the present actions, and thus, its holding would not preclude RCR from alleging that defendant Carter was actively negligent in causing the plaintiffs' injuries.
In Lionello v. Santano, 7 Conn. L. Rptr. 373 (October 19, 1992, Hadden, J.), the defendant rental car company, as third-party plaintiff, sought indemnity from a third-party defendant who had rented the vehicle, but who, at the time of the accident, was not the operator of the rental vehicle. (In Lionello, the rental vehicle was allegedly operated by another defendant, Arthur Santano, who was not named in the third-party complaint.) In granting the third-party defendant's motion to strike, the court held:
 The . . . third-party complaint fails to allege that [the third-party defendant] had exclusive control of the situation that caused the plaintiff's injuries, and in fact alleges that the defendant Arthur Santano was in sole control of the operation of the vehicle.
 Accordingly, since exclusive control of the situation by [the third-party defendant] is not alleged, the motion to strike . . . is granted.
Id., 374. In Lionello, the court interpreted "exclusive control of the situation" as being analogous to exclusive control of the operation of the rental vehicle, and granted the third-party defendant's motion to strike because the third-party plaintiff failed to allege that the third-party defendant was in exclusive control of the operation of the rental vehicle at the time of the accident.
In the present actions, RCR has satisfied the "exclusive control" requirement because, as in Lionello, "exclusive control of the situation" is analogous to exclusive control of the operation of the rental vehicle, and because the present crossclaims for indemnity are being asserted by RCR in its capacity as the owner-lessor of the vehicle, and not as an operator of a vehicle that was involved in the underlying accident. Thus, RCR is not precluded as a matter of law from CT Page 10644 asserting that defendant Carter was in "exclusive control of the situation."
Defendant Carter also argues that RCR fails to allege in its crossclaims that an independent legal relationship exists between RCR and defendant Carter. She further contends that such an independent legal relationship cannot exist, because defendant Carter was not a party to the written rental agreement between RCR and Elisha Carter.
While RCR fails to allege in its crossclaims that an independent legal relationship exists between itself and defendant Carter, RCR's failure to plead this allegation does not mean that such a relationship does not exist. The defendant Carter, in moving for summary judgment, has not produced any evidence which shows that there are no genuine issues of material fact with respect to the existence of an independent legal relationship. Thus, defendant Carter has not met her burden of proof.
The defendant Carter, in arguing that RCR has failed to allege the existence of an independent legal relationship, is attempting to challenge the legal sufficiency of RCR's crossclaims by way of motions for summary judgment, rather than by way of motions to strike. The legal sufficiency of a pleading may be challenged by way of a motion for summary judgment only "`if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Boucher Agency, Inc. v. Zimmer,160 Conn. 404, 409, 279 A.2d 540 (1971). Furthermore, "[t]he office of a motion for summary judgment is not to test the legal sufficiency of the complaint, but is to test for the presence of contested factual issues." Burke v. Avitabile,32 Conn. App. 765, 772, ___ A.2d ___ (1993). The defendant Carter has not submitted any proof which shows that there are no genuine issues as to any material fact. Accordingly, the motion for summary judgment #125, filed by defendant Brenda Carter in Carter v. Rental Car Resources (#502970), and the motion for summary judgment #140, filed by defendant Brenda Carter in Smith v. Bligh (#503425), are both denied.
Michael E. Riley for moving defendant.
Lasala, Walsh Wicklow for cross claimant. CT Page 10645