[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#158)
The present case arises out of a police chase, in which the plaintiff's decedent, Michael Lee Towns, while attempting to avoid a possible arrest, engaged City of Norwalk police officers in a high speed chase on the Connecticut Turnpike. The plaintiff's decedent died when he drove the motor vehicle into Cedar Creek in Bridgeport and drowned while attempting to swim away from Connecticut State Troopers who responded to the scene. The plaintiff, James Hawthorne, an adult, is the decedent's brother. In a complaint filed on January 20, 1993, the plaintiff, in his individual capacity and in his capacity as administrator of the estate of Michael Lee Towns, asserts claims against the City of Norwalk and the Norwalk police officers who were involved in the high speed chase. In the first count directed at William Lowe, a Norwalk police officer, the plaintiff asserts causes of action sounding in "civil rights violation," assault and battery, intentional infliction of emotional distress, and wrongful death pursuant to General Statutes § 52-555. In the second count, the plaintiff asserts the same causes of action against John Lysobey, a Norwalk police officer. In the third count, the plaintiff asserts these causes of action against Edward Schwartz, a Norwalk police officer. In the fourth count, the plaintiff asserts these claims against Dana McIndoe, a Norwalk police officer. In the fifth count, the plaintiff asserts these causes of action against Carl LaBianca, the Chief of Police for the City of Norwalk. In the sixth count, the plaintiff asserts these causes of action against the City of Norwalk.
On February 28, 1994, the defendants filed a motion for summary judgment (#157) and a memorandum of law. The defendants seek summary judgment on the following grounds: (1) that the plaintiff's claim for loss of filial consortium is not recognized in Connecticut; (2) that the plaintiff in his individual capacity CT Page 3158 cannot assert a claim pursuant to 42 U.S.C. § 1983; (3) that the plaintiff's "civil rights violation" claims are legally insufficient because the Fifth, Sixth, Eighth and Ninth amendments to the United States Constitution are not applicable to the present case; and (4) that the plaintiff's respondeat superior ("Monell") claims against LaBianca and the City are legally insufficient. On March 31, 1994, the plaintiff filed a memorandum in opposition. On this date, the plaintiff also filed a request for leave to file an amended complaint and a proposed amended complaint. The file does not contain an objection to the request for leave to amend. It also cannot be ascertained whether the court has taken any action with respect to the plaintiff's request for leave to amend. Nevertheless, pursuant to Practice Book § 176, the amended complaint is now the operative complaint because the defendants failed to file a written objection within fifteen days of the filing of the request for leave to amend.[1] On June 2, 1994, the defendants filed a supplemental memorandum of law. Although the defendants' motion and briefs are directed at the original complaint, the court may address the merits of the defendants' motion because the claims asserted in the plaintiff's amended complaint are essentially the same as the claims which were asserted in the original complaint.
Practice Book § 384 provides that summary judgment "`shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 105,639 A.2d 507 (1994). The burden is on the movant to show that there is no genuine issue of material fact. Id. A material fact is one that will make a difference in the outcome of a case. Yanow v.Teal Industries, Inc., 178 Conn. 262, 268-69, 422 A.2d 311 (1979). In ruling on a motion for summary judgment, the court must view the facts presented in the light most favorable to the non-moving party. Suarez v. Dickmont Plastics Corp., supra, 229 Conn. 105.
Ordinarily, "[t]he office of a motion for summary judgment is not to test the legal sufficiency of the complaint, but is to test for the presence of contested factual issues." Burke v. Avitabile,32 Conn. App. 765, 772, 630 A.2d 624 (1993). Nevertheless, inBoucher Agency v. Zimmer, 160 Conn. 404, 279 A.2d 540 (1971), the court ruled that a motion for summary judgment may be used to test the legal sufficiency of a complaint after an answer has been filed, and then, only "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any CT Page 3159 material fact and that the moving party is entitled to judgment as a matter of law." Id., 409. Thus, under Boucher, it is permissible for a motion for summary judgment to be used as a "motion for judgment on the pleadings" in certain limited situations.[2] The use of a motion for summary judgment in this manner is appropriate where "the propriety of summary judgment may be demonstrated upon the pleadings alone;" Barone v. Shuster Express, Inc., 2 CSCR 315
(February 14, 1987, Schaller, J.); or where a directed verdict would eventually lie because "there is no real issue to be tried."Wilson v. New Haven, 213 Conn. 277, 279, 567 A.2d 379 (1989).
The defendants' first argument in support of their motion for summary judgment is that the plaintiff is attempting to assert a legally insufficient claim for loss of filial consortium based on the loss of his adult brother's consortium. The defendants argue that such a cause of action is legally insufficient because the Connecticut Supreme Court has only recognized a claim for loss of consortium when it arises out of a marital relationship. The defendants argue that the plaintiff is asserting a loss of filial consortium claim based on paragraph 47 of the amended complaint, which is part of the plaintiff's wrongful death claim, and within which the plaintiff alleges that he "was deprived . . . of the right to enjoy the society of his brother, to enjoy his company and companionship . . . ."
Paragraph 47, by itself, does not amount to a claim for loss of filial consortium, as it is being alleged as part of a wrongful death cause of action brought pursuant to General Statutes § 52-555.[3] Furthermore, if the defendants contend that this allegation is improper, there are other procedures that they could have used to challenge its inclusion in the complaint.
The defendants' next argument is that the plaintiff, in his individual capacity, cannot assert a claim against the defendants pursuant to 42 U.S.C. § 1983. In paragraph three of the amended complaint, the plaintiff alleges that he "sues individually as to the state law claims and as the Administrator of the Estate of Michael Lee Towns . . . as to both the Federal and State law claims." Contrary to the defendants' argument, the plaintiff may be asserting the § 1983 claims in his capacity as the administrator of the decedent's estate. If the defendants wanted a more specific statement as to the capacity in which the plaintiff asserts the § 1983 claims, they should have filed the appropriate motion or request as specified in the Practice Book. CT Page 3160
The defendants move for summary judgment on the plaintiff's "civil rights violation" causes of action on the ground that these claims cannot be based on the defendants' alleged violation of the plaintiff's decedent's fifth, sixth, eighth and ninth amendment rights. The defendants argue that the fifth amendment does not apply to the state and does not expand the plaintiff's due process rights against the state under the fourteenth amendment. The defendants argue that their actions could not have violated the decedent's sixth amendment rights because such rights attach only if judicial proceedings had been initiated against the decedent in a criminal case. The defendants argue that the plaintiff'sninth amendment claims are legally insufficient because theninth amendment does not extend to the state. The defendants arguments as to the plaintiff's eighth amendment claims are moot because the plaintiff does not allege any claims pursuant to theeighth amendment in the amended complaint.
The plaintiff's "civil rights violation" claims are essentially causes of action pursuant to 42 U.S.C. § 1983. In paragraphs 34 through 41, the plaintiff alleges that the defendants' actions violated the decedent's constitutional rights. For example, in paragraph 36, the plaintiff alleges that the defendants' actions deprived the decedent of his first amendment right of association. In paragraph 39, the plaintiff alleges that the defendants' actions deprived the decedent of hissixth amendment right to "defend himself in a speedy manner against any possible . . . prosecution . . . ." The allegations set out in paragraphs 34 through 41 do not constitute separate and distinct causes of action. Rather, these paragraphs appear to be allegations pleaded in support of the decedent's § 1983 claims. If the defendants sought to challenge the inclusion of some of the allegations contained in paragraphs 34 through 41, they should have used one of the other Practice Book motions to do so. Judgment cannot be entered as to certain paragraphs of the plaintiff's § 1983 claim where the remaining paragraphs support a legally sufficient § 1983 claim. Accordingly, the defendants' motion for summary judgment is denied as to the plaintiff's "civil rights violation" claims.
The defendants move for summary judgment on the fifth and sixth counts of the amended complaint, on the ground that the plaintiff has failed to set forth legally sufficient "Monell" claims against defendant LaBianca, the Chief of Police, and the defendant City. The defendants contend that the plaintiff's allegations of an official "practice, policy or custom" and an CT Page 3161 "atmosphere of lawlessness" are conclusory allegations, and that the fifth and sixth counts amount to legally insufficient respondeat superior claims.
In response, the plaintiff argues that the fifth count of the complaint asserts a cause of action against LaBianca based on his alleged failure to properly supervise and train the officers in his department. Thus, the plaintiff argues that the fifth count is not based on respondeat superior. The plaintiff contends that the sixth count is legally sufficient, and that his attempts to plead with more specificity have been hindered by the defendants' failure to fully respond to the plaintiff's discovery requests.
"While a municipality is not liable for the constitutional torts of its employees on a respondeat superior theory, a municipality may be sued for damages under section 1983 when `the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the body's officers' or is `visited pursuant to governmental "custom" even though such a custom has not received formal approval through the body's official decision-making channels.'" Thurman v. City of Torrington,595 F. Sup. 1521, 1530 (D. Conn. 1984), quoting Monell v. New York CityDepartment of Social Services, 436 U.S. 658, 690, 98 S.Ct. 2018,56 L.Ed.2d 611 (1978). "[A] complaint of this sort will survive dismissal if it alleges a policy or custom of condoning police misconduct that violates constitutional rights and alleges `that the City's pattern of inaction caused the plaintiffs any compensable injury.'" Id., quoting Batista v. Rodriguez, 702 F.2d 393,397-98 (2d Cir. 1983). "[A]n action . . . under the Civil Rights Act, should not be dismissed at the pleadings stage unless it appears to a certainty that plaintiffs are entitled to no relief under any state of the facts which could be proved in support of their claims." Escalera v. New York City Housing Authority,425 F.2d 853, 857 (2d Cir.), cert. denied, 400 U.S. 853, 91 S.Ct. 54,24 L.Ed.2d 91 (1970). However, "[a] complaint against a municipality must fail if it `appears to have merely attached a conclusory allegation of "policy" to what is in essence a claim based on a single unconstitutional act.'" Appletree v. City ofHartford, 555 F. Sup. 224, 226 (D. Conn. 1983).
In the present case, the plaintiff, in the sixth count, alleges enough facts to state a legally sufficient "Monell" claim. The fifth count is legally sufficient, as it is based on allegations that LaBianca failed to properly supervise, train and CT Page 3162 control the officers in his department. Accordingly, the defendants' motion for summary judgment is denied in its entirety.
COCCO, JUDGE