[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT # 118
The plaintiffs, Kenneth Walker, Michaela McConaughey and 30 Bridge Street Corporation, commenced this civil rights action under42 U.S.C. § 1983 against the defendants, Town of New Milford, Frank Rybak, Ronald Malmberg and David Lathrop, to recover damages allegedly sustained as the result of the partial denial of an application for a building permit. At the times relevant to this complaint, the defendant Rybak was the building official for the defendant Town, the defendant Malmberg was the assistant building official, and the defendant Lathrop was the fire marshall for the defendant Town. The plaintiffs' one count complaint alleges the following facts.
The plaintiffs Walker and McConaughey purchased a parcel of real property in New Milford, Connecticut intending to renovate the buildings on the property and lease the space to commercial tenants. The plaintiffs submitted an application for a building permit for additions and alterations that would have allowed them to perform the work necessary to lease the property. The plaintiffs allege that, without their consent, the defendant Rybak deleted from their application portions describing work related to the addition of bathrooms, wiring, plumbing and sprinklers. A limited building permit was issued on April 10, 1993, but it did not entitle the plaintiffs to perform all of the renovation work necessary for the completion of the project. CT Page 4507
The plaintiffs allege that between April 10, 1991 and March 23, 1992, the defendants, without authority, frustrated the plaintiffs' efforts to obtain a full building permit by requiring the plaintiffs to open existing walls and tear up existing floors for inspection of electrical and plumbing systems; by requiring the plaintiffs to produce drawings of electrical and mechanical systems, including components previously installed but not accessible; by effectively denying the plaintiffs' administrative remedy by refusing to reject outright their application, and representing that the application would be approved provided more detailed information was furnished; and by harassing the plaintiffs and their only existing tenant by making unscheduled and unauthorized inspections to the premises. The plaintiffs allege that the defendants knew or should have known that the plaintiffs required a building permit in order to complete renovation of the property, to begin leasing space therein to other tenants, and to start their restaurant business. The plaintiffs also allege that the defendants deliberately delayed the provision of a building permit knowing that a delay would be to the plaintiffs' financial detriment, and that the defendants deprived the plaintiffs of their substantive due process right to use their property in violation of the fifth and fourteenth amendments to the United States constitution.
The defendants filed an answer and a special defense. The defendants' special defense alleges that the defendants are entitled to qualified immunity. The plaintiffs filed a reply to this special defense in the form of a general denial.
The defendants now move for summary judgment. In support of their motion, the defendants attached a memorandum of law, a statement of undisputed facts, and other documentation. The plaintiffs submitted a memorandum of law in opposition, and attached an affidavit of the plaintiff Walker.
"Practice Book § 384 provides that summary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Water Way Properties v. Colt's Mfg. Co., 230 Conn. 660,664, ___ A.2d ___ (1994). "The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law. . . and the party opposing such a motion must provide an evidentiary foundation CT Page 4508 to demonstrate the existence of a genuine issue of material fact."Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 105, 639 A.2d 507
(1994). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Water Way Properties v. Colt's Mfg. Co.,
supra, 664. "The test is whether a party would be entitled to a directed verdict on the same facts." Haesche v. Kissner, 229 Conn. 213,217, ___ A.2d ___ (1994).
The defendants move for summary judgment on three grounds. First, the defendants argue that the plaintiffs do not have a constitutionally protected property interest in the building permit application as submitted, and, therefore, they cannot sustain a substantive due process claim. Second, the defendants argue that the plaintiffs have failed to allege egregious conduct sufficient to sustain such a claim. Third, the defendants argue that they are entitled to qualified immunity.
In opposition to the defendants' motion, the plaintiffs argue that summary judgment should be denied because the role of building inspectors and fire inspectors under General Statutes Sec. 29-263
is ministerial and not discretionary. They also contend that this determination is a question of fact for which a genuine issue exists. The plaintiffs also argue that questions of intent are particularly inappropriate on a summary judgment motion, and that there is no factual support for the defendants' contention that their roles are discretionary. Additionally, the plaintiffs contend that the issue of qualified immunity is a factual issue not appropriately decided on a motion for summary judgment.
 I
The Connecticut Supreme Court has adopted the Second Circuit Court of Appeals' "clear entitlement test" for determining whether a civil rights claimant in a land use case states a substantive due process claim under the federal constitution. Kelley PropertyDevelopment, Inc. v. Lebanon, 226 Conn. 314, 321, 627 A.2d 909
(1993); Carr v. Bridgewater, 224 Conn. 44, 51, 616 A.2d 257
(1992). "Under this analysis, in order to have a protected property right, the applicant must have a `clear entitlement' to the approval he was seeking from the land use regulating body." (Internal quotations omitted.) Carr v. Bridgewater, supra, citingRRI Realty Corporation v. Incorporated Village of Southampton,870 F.2d 911, 915 (2d Cir.), cert. denied, 493 U.S. 893, 110 S.Ct. 240,107 L.Ed.2d 191 (1989). CT Page 4509
 If a claimant does not establish a constitutionally protected interest, the due process analysis ceases because no process is constitutionally due for the deprivation of an interest that is not of constitutional magnitude. If, however, a due process claimant does establish a constitutionally protected interest, he or she may then seek to establish other required elements of the due process claim, such as reliance on inappropriate procedures or arbitrary or oppressive conduct.
Kelley Property Development, Inc. v. Lebanon, supra, 322.
Under `clear entitlement' analysis, the court "asks whether there is a certainty or a very strong likelihood that the application in question would have been granted, but for the wrongful conduct of the local officials." Id. "A very strong likelihood means not simply a high probability of approval, but rather a virtual assurance of approval because any discretion is very narrowly circumscribed." Id., 323. In applying this analysis, the court "must focus primarily on the degree of discretion enjoyed by the issuing authority, not on the estimated probability that the authority will act favorably in a particular case." Id., citingRed Maple Properties v. Zoning Commission, 227 Conn. 730, 739-40,610 A.2d 1238 (1992).
The defendants argue that under General Statutes Sec. 29-263, building officials and fire marshals, such as the defendants, enjoy broad discretion to deny applications for building permits, and, therefore, the plaintiffs cannot claim any clear entitlement. The plaintiffs argue, however, that the role of building inspectors and fire marshals under the statute is ministerial. Additionally, the plaintiffs argue that the question of whether the acts of the building inspector or fire marshall are discretionary or ministerial are questions of fact for which genuine issues exist precluding summary judgment.
The Connecticut Supreme Court has stated, however, that "because the focus of the inquiry is on the degree of discretion of the authority, the question of whether an applicant has a property interest is normally a matter of law for the trial court." (Internal quotations omitted.) Carr v. Bridgewater, supra,224 Conn. 54. CT Page 4510
General Statutes Sec. 29-263 provides in pertinent part:
 [N]o building or structure shall be constructed or altered until an application has been filed with the building official and a permit issued. Such permit shall be issued or refused, in whole or in part, within thirty days after the date of an application. No permit shall be issued except upon application of the owner of the premises affected or his authorized agent. Prior to the issuance of a permit and within said thirty-day period, the building official shall review the plans of buildings or structures to be constructed or altered to determine their compliance with the requirements of the state building code and, where applicable, the local fire marshal shall review such plans to determine their compliance with the state fire safety code. Such plans submitted for review shall be in substantial compliance with the provisions of the state building code and, where applicable, with the provisions of the state fire safety code.
(Emphasis added.) Gen. Stat. Sec. 29-263. Under this statute, a building official or fire marshall is given no independent discretion beyond determining whether the plans are in compliance with the state building or fire safety codes. This case, therefore, is distinct from cases relied upon by the defendants such as Kelly Property Development, Inc v. Lebanon or RRI RealtyCorp. v. Village of Southampton, where the statutory or regulatory language gave the issuing authority broader discretion.[1]
Additionally, Travelers Ins. Co. v. Mack, 3 Conn. L. Rptr. 21
(December 4, 1990, Maloney, J.), upon which the plaintiffs rely, is distinct because that case was a negligence case and the issue of whether Sec. 29-263 was discretionary was a question of fact, not of law, as it is in this case. The extent of the discretion that can be construed from Sec. 29-263 is merely to determine whether the plans are in compliance with the building or fire codes.
In cases such as the present one, "where the regulations import no degree of discretion apart from the issue of the applicant's compliance therewith, that compliance is the only relevant focus of the constitutional entitlement inquiry." Carr v.Bridgewater, supra, 224 Conn. 55 n. 15. Thus, the issue of whether the plaintiffs have a constitutional entitlement turns on whether CT Page 4511 the application and plans submitted therewith complied with the applicable regulations. Id., 55-56. If the plaintiffs' plans complied with the state building and fire safety codes, the defendants had no discretion to deny their application. If the plans did not comply with these codes, the building officials and fire marshall were entitled to deny their application.
Based on the evidence submitted to the court on this summary judgment motion, the court cannot determine as a matter of law whether the plans, if any were submitted, were in compliance with the applicable codes. In support of their motion, the defendants submitted a statement of undisputed material facts and attached to their memorandum of law nine exhibits. The attached exhibits consist of uncertified and unauthenticated copies of documents and letters relating to this matter. "[U]ncertified copies of documents to which no affidavit exists attesting to their authenticity . . . do not constitute `proof' or `documentary evidence'" for purposes of a motion for summary judgment. Langlaisv. Guardian Life Ins. Co., 7 Conn. L. Rptr. 34, 35 (July 7, 1992, Lewis, J.). Additionally, the statement of undisputed facts is not supported by affidavits or other documentary evidence properly before the court.[2] Therefore, the factual allegations contained therein are merely factual assertions of the defendants' counsel without any evidentiary support, and the court cannot rely on such evidence in granting a summary judgment motion. Furthermore, while the defendants' statement of undisputed material facts asserts that no plans were submitted with the plaintiffs' initial application, the plaintiff Walker's affidavit states that plans were in fact submitted with the application. There is simply no evidence properly before the court to make a determination as to whether any of the plans complied with the state building or fire safety codes. The defendants, therefore, have failed to meet their burden on this ground for summary judgment.
 II
The defendants argue in the alterative that the plaintiffs have failed to allege and cannot prove facts sufficient to establish a substantive due process violation. The defendants contend that the level of culpability for such a claim is high and that there are no allegations that arise to the requisite level, such as allegations of conduct that "shocks the conscience" or is "egregiously unacceptable." Without such allegations, the defendants contend that the plaintiffs have failed to allege a violation of their substantive due process rights. CT Page 4512
The plaintiffs argue that the allegations of the complaint are sufficient since they allege that a deliberate deprivation of constitutionally protected property rights. Additionally, the plaintiffs contend that questions of intent are not properly settled on summary judgment. The plaintiffs argue that the unsubstantiated claims that the conduct complained of was unintentional and negligent is not sufficient to permit summary adjudication of this claim.
Generally, "[a] challenge to the legal sufficiency of a complaint, through a motion to strike, must be pleaded and ruled on before the defendant files an answer to the plaintiff's complaint."Burke v. Avitabile, 32 Conn. App. 765, 769, 630 A.2d 624 (1993). In Boucher Agency v. Zimmer, 160 Conn. 404, 279 A.2d 540 (1971), however, the court ruled that a motion for summary judgment may be used to test the legal sufficiency of a complaint where "the parties are at issue on an answer filed," and only "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact. . . ." Id., 409. Since the defendants have filed an answer and special defense, and the plaintiffs have filed a reply to the special defense, the defendants may test the legal sufficiency of the plaintiffs' complaint through this motion for summary judgment.
The elements of a claim under 42 U.S.C. § 1983 are "(1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." Parratt v. Taylor,451 U.S. 527, 535, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). "Where . . . a party claims a deprivation of property without due process in violation of the fourteenth amendment . . . the following inquiry [is to be made]: (a) whether a property right has been identified; (b) whether governmental action with respect to that property right amounts to a deprivation; and (c) whether the deprivation, if one be found, was visited upon the plaintiff without due process of law." Fusco v. State of Connecticut, 815 F.2d 201, 205 (2d Cir. 1987).
"The doctrine of substantive due process `does not protect individuals from all [governmental] actions that infringe liberty or injure property in violation of some law. Rather, substantive due process prevents government power from being used for `purposes of oppression,' or `abuse of government power that shocks the CT Page 4513 conscience,' or `action that is legally irrational in that it is not sufficiently keyed to any legitimate state interests.'" (Internal quotations omitted.) PFZ Properties, Inc. v. Rodriguez,928 F.2d 28, 31-32 (1st Cir. 1991), quoting Committee of U.S.Citizens in Nicaragua v. Reagan, 859 F.2d 929, 943 (D.C. Cir. 1988). Federal courts have held that "a regulatory board does not transgress constitutional due process requirements merely by making decisions `for erroneous reasons' or by making `demands which arguably exceed its authority under the relevant state statutes.'"Amsden v. Moran, 904 F.2d 748, 757 (1st Cir. 1990), and cases cited therein. "[B]efore a constitutional infringement occurs, state action must in and of itself be egregiously unacceptable, outrageous, or conscience-shocking." (Emphasis in original.) Id., 754.
The allegations of the plaintiffs' complaint do not rise to the level sufficient to state a substantive due process claim. The gravamen of the claim is that the defendants frustrated the plaintiffs' efforts to obtain a full building permit. The complaint alleges that, without authority to do so, the defendants required the plaintiffs to open walls and tear up floors for inspection of electrical and plumbing systems, and produce drawings of electrical and mechanical systems. Additionally, the plaintiffs allege the defendants effectively denied the plaintiffs' resort to an administrative remedy by refusing to reject outright their application and representing that the full application would be approved if more detailed information concerning their building plan was provided. The plaintiffs also allege that the defendants harassed the plaintiffs and their only tenant by making unscheduled an unauthorized inspections of the premises. These allegations without more do not rise to the level required to state a substantive due process claim under Sec. 1983.
The alleged conduct of the defendants complained of is not egregiously unacceptable, outrageous, or conscience-shocking. See,Amsden v. Moran, supra, 904 F.2d 756. The individual defendants are building officials and a fire marshall, who under Connecticut General Statutes are charged with the duty of requiring compliance with the state building and fire safety codes. See General Statutes Secs. 29-260 and 29-305. These officials are given the right to inspect buildings for performance of their duties; Id. Also, under Sec. 29-263, these officials are mandated to determine the compliance of "plans of buildings or structures to be constructed or altered" with the state building or fire safety codes. Finally, this section explicitly authorizes that a building CT Page 4514 permit may be "issued or refused, in whole or in part." General Statutes Sec. 29-263. In light of these statutes, the defendants' conduct concerning the inspection of the premises, requiring additional plans and refusing to reject the permit outright is not "egregiously unacceptable" or "conscience-shocking." Without allegations that rise to the level of transgressions of constitutional due process requirements, the plaintiffs fail to state a claim of a substantive due process violation under Sec. 1983. Thus, the defendants' motion for summary judgment is granted on the grounds that the plaintiffs' complaint does not sufficiently allege a claim for a violation of their substantive due process rights under the federal constitution.
 III
Since the defendants' motion for summary judgment is granted on the grounds that the plaintiffs' complaint is not legally sufficient, the court does not need to address the issue of qualified immunity. The court notes, however, that under Natale v.Town of Ridgefield, 927 F.2d 101 (2d Cir. 1991), the "threshold issue in determining the applicability of qualified immunity" in this case is whether the defendants "had a `clearly established right' to the permit at issue." Id., 105. As explained above, there is insufficient evidence for the court to determine the issue of whether there is a "clear entitlement", and, therefore, the court cannot grant this motion on the grounds of qualified immunity.
 IV
In conclusion, the defendants' motion for summary judgment is granted on the grounds that the plaintiffs' complaint fails to state a legally sufficient claim for a violation of their substantive due process rights.
PICKETT, J.