[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The defendants, Louis A. Corte (Corte), Thomas Kilroy (Kilroy) and the city of Meriden (the city) (collectively the defendants), move for summary judgment against the plaintiff, Chanthong Lasisomphone, administrator of the estate of Phounibane Lasisomphone (Lasisomphone), pursuant to Practice Book § 17-44, et seq., as to counts four and five of the amended complaint (the complaint).[1]
The following facts are undisputed and taken from the complaint, the parties' briefs, and their supporting documents: At all times relevant to the complaint, Antonietta Izzo (Izzo) owned and controlled the premises known as 10-12 Hickory Street in the city of Meriden. (Hickory Street premises). Prior to August 14, 1998, the Hickory Street premises was substantially damaged by fire, and subsequently repaired and rebuilt. On August 14, 1998, the plaintiff's decedent was a social guest at said premises, having been invited there by Izzo's son, Frank Izzo (Frank). The plaintiff's decedent fell from the second floor porch and was seriously injured. The plaintiff's decedent died from her injuries on August 15, 1998.
Count four sounds in negligence and is brought against Corte, in his CT Page 8351 capacity as the Meriden building official, and Kilroy, in his capacity as the Meriden housing inspector. The plaintiff alleges that the Hickory Street premises was substantially damaged by fire prior to August 14, 1998, and that the premises had been rebuilt and repaired "in accordance with building and other permits issued by the [c]ity . . . and under the supervision of . . . Corte and . . . Kilroy, or their subordinates.' (Count Four, ¶ 10.) The plaintiff further alleges that Corte and Kilroy failed to require that the "premises be either improved so as to be reasonably safe, or be improved to conform to either the applicable provisions of the . . . Connecticut Basic Building Code or the . . . Meriden [h]ousing [c]ode or [s]tandards." (Count Four, ¶ 11.) The fall, which resulted in the death of the plaintiff's decedent, is alleged to have been caused by an unsafe and inadequate railing on the second floor porch. (Count One, ¶ 4.) The plaintiff alleges that Corte and Kilroy carelessly and negligently performed their ministerial duties, thereby causing the death of the plaintiff's decedent, an identifiable victim of the negligence of Corte and Kilroy. (Count Four, ¶¶ 12, 13.)
More specifically, the plaintiff alleges that Corte and Kilroy were negligent in one or more of the following ways: (1) they failed to require the Hickory Street premises to be reconstructed or maintained in accordance with the applicable provisions of the Connecticut Basic Building Code; (2) they failed to inspect the Hickory Street premises to ensure that the premises met the standards set out in Meriden's housing code and standards; (3) they failed to obtain the cost of reconstructing the Hickory Street premises from the contractor in 1997, "which costs were such that the premises should have been made to be reconstructed in accordance with the . . . Connecticut Basic Building Code, which . . . required railings on the second floor balcony substantially higher than those that existed on the premises on August 14, 1998"; (4) they permitted the cost of reconstruction of the premises "to be grossly underestimated so that [the contractor] was not required to upgrade the second floor balcony railing in 1997 to meet the current building codes"; and (5) they knew the second floor balcony was unsafe and failed to direct that it be closed. (Count Four, ¶ 14.) The plaintiff fails to allege the specific provisions of the Connecticut Basic Building Code and the city's housing code and standards upon which he relies.
Count five is directed against the city and incorporates paragraphs one through fifteen of count four.[2] The plaintiff seeks payment by the city, pursuant to General Statutes § 7-465, for all damages found to be due and owing by Corte and Kilroy, employees of the city.
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine CT Page 8352 issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law. . . ." Appleton v. Board ofEducation, 254 Conn. 205, 209, 757 A.2d 1059 (2000). "Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact. . . ." Barrett v. Danbury Hospital, 232 Conn. 242, 255, 654 A.2d 748
(1995). "A material fact is a fact that will make a difference in the result of the case." Gohel v. Allstate Ins. Co., 61 Conn. App. 806, 809,768 A.2d 950 (2001).
The defendants move for summary judgment on the ground that there are no genuine issues in dispute and that they are entitled to judgment as a matter of law.[3] The defendants argue that the plaintiff's claim is barred by the doctrine of governmental immunity, pursuant to common law and General Statutes § 52-557n(a)(2)(B),[4] because the alleged conduct of Corte and Kilroy involve discretionary, rather than ministerial, acts. The defendants also argue that they are immune from liability under § 52-557n(b)(7) and (8)[5] for their alleged negligent inspection of the Hickory Street premises and their alleged failure to enforce applicable building and housing codes. Lastly, the defendants argue that the plaintiff's indemnity claim against the city, pursuant to General Statutes § 7-465 must fail because the plaintiff cannot plead and prove in a separate count that Corte and Kilroy, as municipal employees, are liable to the plaintiff. The defendants support their motion with a memorandum of law, signed and sworn affidavits from Corte and Kilroy, and copies of cases cited in their memorandum.
The plaintiff objects to the defendants' motion, arguing that the actions of Corte and Kilroy involve ministerial acts, therefore, the defendants are not immune from liability. In the alternative, the plaintiff argues that if the court should find that the conduct complained of involves discretionary acts, the plaintiff's decedent was an identifiable victim of the defendants' negligence, and, therefore, the defendants' are not immune from suit. Lastly, the plaintiff argues that General Statutes § 52-557n(b)(7) and (8) do not provide the defendants with governmental immunity because "[w]hat is at issue is the CT Page 8353 failure of the officials to heed mandatory requirements that they enforce the codes, and require the renovators of the property [to] bring [the property] into compliance with the current laws." (Plaintiff's Memorandum, p. 13.) The plaintiff supports his memorandum of law in opposition to the defendants' motion for summary judgment with a signed, sworn affidavit from Mark Tebbets, service coordinator for the Building Officials and Code Administrators.
In reply, the defendants filed a memorandum in which they argue that because the plaintiff has failed to set forth any evidence demonstrating the existence of a genuine issue of material fact as to whether his claim is barred by the doctrine of governmental immunity, the defendants are entitled to summary judgment as a matter of law. The plaintiff, in his reply memorandum, asserts that the issue of whether the alleged acts of Corte and Kilroy are discretionary or ministerial are a question of fact and cannot be determined by summary judgment.
A municipal employee "has a qualified immunity in the performance of a governmental duty, but he may be liable if he misperforms a ministerial act, as opposed to a discretionary act. . . . The hallmark of a discretionary act is that it requires the exercise of judgment. On the other hand, ministerial acts are performed in a prescribed manner without the exercise of judgment or discretion as to the propriety of the action. . . . Although the determination of whether official acts or omissions are ministerial or discretionary is normally a question of fact for the fact finder . . . there are cases where it is apparent from the complaint." (Citations omitted; internal quotation marks omitted.)Lombard v. Edward J. Peters, Jr., P.C., 252 Conn. 623, 628, 749 A.2d 630
(2000). In the present case, the characterization of the alleged acts by Corte and Kilroy are not apparent from the complaint.
The defendants have failed to meet their burden in establishing that there are no genuine issues in dispute and that they are entitled to judgment as a matter of law. Appleton v. Board of Education, supra,254 Conn. 209. The affidavits of Corte and Kilroy, the only evidence upon which the defendants rely, do not establish conclusively that the acts complained of were discretionary, rather than ministerial, in nature. The defendants have not produced sufficient documentation in the form of applicable state and local building and housing codes to support their position that their conduct was wholly discretionary. In addition, "whether the acts complained of . . . were governmental [discretionary] or ministerial is a factual question . . . Gavin v. New Haven, 187 Conn. 180,186 (1982). See also Walker v. New Milford, 1995 Ct. Sup. 4506 (April 18, 1995) (Pickett J.) (specifically noting that the issue of whether a building official has a discretionary or ministerial duty is a question of fact in a negligence case.) CT Page 8354
There exists a genuine issue of material fact as to at least some of plaintiff's claims of negligence as to whether the duty was a discretionary or ministerial function.
In count five, the plaintiff brings a claim under General Statutes § 7-465, seeking indemnification from the city for the alleged negligent conduct of Corte and Kilroy. To bring a claim under § 7-465, it must first be established that Corte and Kilroy are liable to the plaintiff. Wu v. Fairfield, 204 Conn. 435, 438, 528 A.2d 364 (1987). "A plaintiff bringing suit under . . . § 7-465 first must allege in a separate count and prove the employee's duty to the individual injured and the breach thereof. Only then may the plaintiff go on to allege and prove the town's liability by indemnification. . . . [I]n a suit under § 7-465, any municipal liability which may attach is predicated on prior findings of individual negligence on the part of the employee and the municipality's employment relationship with that individual." (Citations omitted; emphasis in original.) Id. Because there is a genuine issue of material fact as to whether the plaintiff's claim against Corte and Kilroy is barred by the doctrine of governmental immunity, the defendants' motion for summary judgment, as to count five, is denied.
For the reasons stated above, the defendants' motion for summary judgment, as to counts four and five, is denied.
By the Court,
Kevin E. Booth Judge of the Superior Court