BOUCHER AGENCY, INC. *v.* DAVID E. ZIMMER ET AL.

ALCORN, C. J., HOUSE, THIM, RYAN and SHAPIRO, Js.

Argued January 5—decided February 17, 1971

*Raphael Korff,* for the appellant (plaintiff).

*John J. Hunt,* for the appellees (defendants).

RYAN, J. This is an action in equity against the named defendant individually and as administrator of the estate of Harry Bomstein,[1] late of Bridgeport, seeking (1) an injunction restraining the defendant individually and as such administrator from enforcing two judgments rendered by the Circuit Court; (2) a mandatory injunction requiring the defendant to release certain monies belonging to the plaintiff which are under attachment; and (3) other equitable relief. After the pleadings were closed the defendants moved for judgment on the pleadings. The court rendered judgment for the defendants and the plaintiff has appealed to this court.

The controversy arose out of the sale by Harry Bomstein of an insurance business, together with certain accounts receivable, to the Ellsworth Agency, Inc., a corporation of which Edward M.

---

[1] On July 3, 1969, Francis T. Daley was appointed administrator d.b.n., c.t.a. of the Bomstein estate and on September 26, 1969, he was substituted as defendant in this case in place of David E. Zimmer.

Boucher was the president. An action was brought in the Circuit Court in the second district by Bomstein against the Boucher Agency, Inc., hereinafter referred to as Boucher, for an accounting. Boucher, claiming that the action was wholly unfounded, brought an action in the same court against Bomstein for abuse of process and for bringing a vexatious and malicious suit. On the trial of these cases, judgment was rendered for the plaintiff Bomstein in the first case and for Bomstein as the defendant in the second case. An appeal was taken by Boucher in each case to the Appellate Division of the Circuit Court. Bomstein died on November 2, 1967, while the appeal was pending, and no brief was filed by him in either case. The cases were assigned for argument on November 6, 1967. The present plaintiff appeared by counsel but no one appeared for Bomstein in either case. The court continued both cases to permit Bomstein's executor or administrator to have an opportunity to defend the appeals. At a session of the Appellate Division held January 22, 1968, that court was informed that no steps had been taken for the appointment of an administrator of Bomstein's estate. Since no further action could be taken on the appeals until a personal representative of Bomstein was substituted for him, both appeals were erased from the docket of the Appellate Division. *Bomstein* v. *Boucher Agency, Inc.,* 5 Conn. Cir. Ct. 121, 245 A.2d 296; *Boucher Agency, Inc.* v. *Bomstein,* 5 Conn. Cir. Ct. 123 n., 245 A.2d 298 n.; see *Hamilton* v. *New Haven,* 82 Conn. 208, 211, 73 A. 1; *Barton* v. *New Haven,* 74 Conn. 729, 730, 52 A. 403.

In the instant case the plaintiff claims that both judgments were obtained because of perjured or mistaken testimony and because of errors of the

presiding judge, and that as a result of the erasure of the appeals from the docket the judgments of the lower court remain in force and the plaintiff has been denied its right of appeal. It also alleges that the defendant David E. Zimmer, the attorney who represented Bomstein, did not make application for the probate of Bomstein's will until May 16, 1968, and, thereafter, was appointed administrator c.t.a. on July 18, 1968, and that by virtue of Zimmer's conduct as counsel for Bomstein and the conduct of the Appellate Division of the Circuit Court in erasing the appeals from the docket the plaintiff has no adequate remedy at law and the enforcement of these judgments would be inequitable and unconscionable.

As to the decision of the Appellate Division of the Circuit Court, it is quite clear that the court could properly erase the cases from the docket. That court continued the cases from November 6, 1967, to January 22, 1968, to provide an opportunity for the appointment of an executor or an administrator for Bomstein so that he might appear and defend the appeal. When this was not done the court was powerless to proceed with the appeals and it properly erased them from the docket. *Barton* v. *New Haven,* supra. The death of Bomstein did not defeat the right of Boucher to appeal from the judgments, but to avail itself of that right it was required to take the necessary steps to revive the action upon appeal. This it could have done by procuring the appointment of an administrator and moving for his substitution as a party to the appeals. *Hamilton* v. *New Haven,* supra, 212. Our survival of action statute, § 52-599 of the General Statutes, provides that "[i]n the case of the death of any party plaintiff, his executor or administrator

may enter within six months thereafter and prosecute the suit in the same manner as his testator or intestate might have done if he had lived; and, in case of the death of any party defendant, the plaintiff, within one year thereafter, may apply to the court in which such suit is pending for an order to substitute such decedent's executor or administrator in the place of such decedent, and, upon due service and return of such order, the action may proceed." Boucher as plaintiff and creditor in the action for vexatious suit could have applied for the appointment of an administrator for the estate of Bomstein and, thereafter, could have moved for the substitution of the administrator as a party in each case. General Statutes § 45-195; *Lawrence's Appeal,* 49 Conn. 411, 424; *Wooster* v. *Hunts Lyman Iron Co.,* 38 Conn. 256, 259; Locke & Kohn, Conn. Probate Practice § 271. Boucher, as judgment debtor, could have applied for the appointment of an administrator. *Hamilton* v. *New Haven,* supra. The record does not disclose that any such effort was made.

In the present case, a judge of the Court of Common Pleas granted a temporary restraining order against the enforcement of the judgment rendered for Bomstein to recover against Boucher in order to permit Boucher to file motions in the Circuit Court to have Bomstein's administrator, who had been appointed on July 18, 1968, to be substituted in those actions for the deceased Bomstein. Boucher again failed to do anything to protect its right of appeal.

A motion for judgment on the pleadings "differs from the demurrer in two ways: First, it is filed after the pleadings are closed; and second, it results in a judgment conclusive on both parties. . . . The

motion is of limited utility, for it requires a situation where the parties are willing to admit the facts and place their entire case on the legal issues raised, waiving the right to replead if the legal issue is decided against them. It operates much in the way of a common law demurrer." 2 Stephenson, Conn. Civ. Proc. (2d Ed.) § 120; *DelVecchio* v. *DelVecchio,* 146 Conn. 188, 148 A.2d 554. Common-law demurrers are no longer a part of our system of pleading. 2 Stephenson, op. cit. § 115; *Daury* v. *Ferraro,* 108 Conn. 386, 388, 143 A. 630. Subject to the availability of a motion for summary judgment after the parties are at issue on an answer filed; Practice Book § 298; a specific demurrer is "the only remedy before trial by which to test the legal sufficiency of a cause of action." Practice Book §§ 106, 107. In *DelVecchio* v. *DelVecchio,* supra, 190, the plaintiff had admitted all of the allegations of the special defense which, the court noted, was "alone . . . the real subject matter of . . . [the] appeal." In the present case the defendant denied twelve of the nineteen paragraphs of the plaintiff's complaint in whole or in part. In addition thereto, he filed two special defenses, the allegations of which were denied by the plaintiff. Obviously, in view of the controverted issues of fact, the pleadings did not meet the stringent requirements of a motion for judgment on the pleadings. The proper way to have tested the legal sufficiency of the complaint would have been by demurrer before the pleadings were closed or, after an answer had been filed, by a motion for summary judgment pursuant to Practice Book § 303, "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Our discussion of the issues has indicated the very obvious lack of merit in the plaintiff's claim that it was illegally deprived of its right of appeal by the Appellate Division of the Circuit Court. Since appeal is the remedy provided for claimed errors of the trial court, an intentional or negligent failure to perfect the appeals cannot be the cornerstone for an action in equity to overthrow the judgments in question. *Palverari* v. *Finta,* 129 Conn. 38, 43, 26 A.2d 229; Restatement, Judgments § 129. Counsel for the plaintiff is a competent attorney of considerable experience.

"Pleadings have their place in our system of jurisprudence. While they are not held to the strict and artificial standard that once prevailed, we still cling to the belief, even in these iconoclastic days, that no orderly administration of justice is possible without them. *Berman* v. *Kling,* 81 Conn. 403, 405, 71 A. 507. It is fundamental in our law that the right of a plaintiff to recover is limited to the allegations of his complaint. *Nash Engineering Co.* v. *Norwalk,* 137 Conn. 235, 239, 75 A.2d 496." *Malone* v. *Steinberg,* 138 Conn. 718, 721, 89 A.2d 213. The complaint in the present case does not set forth a cause of action and the trial court correctly so concluded although the procedure for reaching that conclusion was incorrect. To remand the case for further proceedings is unnecessary. It is only prejudicial error which requires that course. *Malone* v. *Steinberg,* supra, 723. There was none in this case.

There is no error.

In this opinion the other judges concurred.