DEKLEY CORPORATION *v.* COMMERCIAL EQUIPMENT SALES, INC.

APPELLATE SESSION OF THE SUPERIOR COURT

FILE NO. 1225

Argued September 23 – decided November 12, 1982

*Edward R. Giacci,* for the appellant (defendant).

*Arthur R. Riccio, Jr.,* for the appellee (plaintiff).

PER CURIAM. The plaintiff instituted this action against the defendant to recover damages for breach of two sales contracts for used office equipment and furniture. A trial to the court began on June 16, 1981. During the defendant's cross-examination of the plaintiff corporation's president, the issue arose of whether the defendant or one Joseph Crocomo owned the goods in question in the second count. The plaintiff then asked the court for a continuance in order to cite in Mr. Crocomo as a party defendant, which the

court granted. The trial resumed on October 2, 1981, at which time the court severed the trials between the two defendants and heard the case between the plaintiff and the defendant Commercial Equipment Sales, Inc., only.

After trial the court found the defendant liable for breach of contract and awarded the plaintiff $4353 in damages. The court also found the plaintiff liable for breach of contract on the defendant's counterclaim and awarded the defendant $900 in damages. Judgment was rendered for the plaintiff to recover the net difference of damages of $3453 from the defendant. The defendant has appealed from the court's judgment awarding damages to the plaintiff.

We remanded the case for further articulation on the breakdown of damages as to each count of the complaint and of the counterclaim. On remand the trial court found on the first count of the complaint that the defendant had breached its sales contract with the plaintiff and awarded the plaintiff $4353 in damages. The court then found that the plaintiff had also breached its contract and therefore awarded the defendant $900 in damages on the first count of its counterclaim. As to the respective second counts of the complaint and counterclaim, the court found that the plaintiff had rescinded the contract and did not award damages to either party.

The defendant raises two claims of error on appeal. He first argues that the trial court erred in granting the plaintiff's request for a continuance. Such a ruling is within the trial court's discretion and will not be overturned unless there has been a clear abuse of discretion. *Allen* v. *Pathmark of Bridgeport, Inc.,* 176 Conn. 124, 130, 405 A.2d 59 (1978). A review of the record indicates that the court acted within its discretion in granting the continuance.

The defendant next claims that the trial court erred in awarding damages because the plaintiff failed to prove the losses alleged in the first count. We agree. The court allowed recovery of $1000 for the plaintiff's cost of labor, $1055 for the cost of trucking and $2500 for recoupment of the plaintiff's investment in the goods purchased under the contract. These items totalled $4555, from which the court deducted $202 in salvage value to arrive at a net judgment of $4353 on the first count of the complaint.

The plaintiff, however, made only three claims in the first count: (1) that it purchased office equipment from the defendant for $2500; (2) that the defendant made a partial delivery; and (3) that the defendant failed to deliver the balance of the goods paid for. "It is fundamental in our law that the right of a plaintiff to recover is limited to the allegations of his complaint." *Boucher Agency, Inc.* v. *Zimmer,* 160 Conn. 404, 410, 279 A.2d 540 (1971). Since the plaintiff's sole claim of loss alleged the failure to deliver promised goods, the court erred in awarding damages which included the storage, moving and labor costs incurred in processing the goods which were actually delivered.

Although recoupment of investment is an appropriate consideration in measuring damages here, the $2500 claim for the original investment fails for lack of supporting evidence. The plaintiff introduced evidence showing that it paid $2500 for used office equipment and that certain of the items were not delivered. The plaintiff, however, did not offer any evidence as to the value of the items claimed to be missing. The court, therefore, had no basis for arriving at a value which represented recoupment of the investment in the goods not delivered. "Damages are an essential element of a plaintiff's proof and must be proved with reasonable certainty." *Simone Corporation* v. *Connecticut Light & Power Co.,* 187 Conn. 487, 495, 446 A.2d 1071 (1982).

There is error; the judgment on the first count of the complaint is set aside and the case is remanded with direction to render judgment for the defendant on that count and for the defendant to recover $900 damages from the plaintiff on the first count of the counterclaim.

DALY, BIELUCH and COVELLO, Js., participated in this decision.