[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT CT Page 1424
The cross-claim defendants, Annie and Eric Edwards, seek summary judgment on defendant Bridgeport Ambulance's cross-claim for apportionment of damages, on the ground that the cross-claim fails to set forth a legally sufficient cause of action.
"The office of a motion for summary judgment is not to test the legal sufficiency of [a pleading], but is to test for the presence of contested factual issues." Burke v. Avitabile,32 Conn. App. 765, 722, ___ A.2d ___ (1993). Furthermore, when the movant attempts to test the legal sufficiency of a pleading by way of a motion for summary judgment (after an answer has been filed), such a motion could only be granted "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Boucher Agency, Inc. v. Zimmer, 160 Conn. 404, 409, 279 A.2d 540
(1971).
While it is questionable whether one defendant needs to file a cross-claim for apportionment against a co-defendant, such a claim, while superfluous in light of General Statutes52-572h, is not per se legally insufficient. Stevens v. Paulus, 8 CSCR 750, 751 (July 26, 1993, Ballen, J.). Accordingly, the Edwards' motion for summary judgment is denied.
BALLEN, J.