[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The facts alleged in the complaint are as follows. On November 25, 1991, the minor plaintiff, Eric Bemis, was a passenger in a school bus operated by the defendant, Arthur Henson (Henson), and owned by the defendant, Laidlaw Transit, Inc. (Laidlaw). On said CT Page 3352 date, the school bus was traveling west on Pequot Trail in Stonington, Connecticut when it was struck by a vehicle operated by the defendant, Karen Klewin, and owned by the defendant, John Klewin. As a result of the collision, the minor plaintiff sustained injury.
On October 14, 1993, the minor plaintiff, through his mother, Jacqueline Bemis (Bemis), and Bemis, individually, filed a six-count complaint against the defendants, Henson, Laidlaw and Karen and John Klewin (the Klewins). Counts one, two and three are directed at the Klewins and allege claims for negligence, recklessness, pursuant to General Statutes 14-295, and recklessness, respectively. Counts four, five and six are against Henson and Laidlaw and allege claims for negligence, recklessness pursuant to General Statutes 14-295, and recklessness, respectively.
On November 5, 1993, the defendants, Henson and Laidlaw (the moving defendants), without filing an answer, filed a motion for summary judgment as to counts five and six of the plaintiff's complaint. In addition, the moving defendants filed a memorandum of law in support of their motion for summary judgment. On December 14, 1993, the plaintiffs filed an objection to the moving defendants' motion for summary judgment, along with a memorandum of law in support thereof.
The moving defendants move for summary judgment on the fifth and sixth counts of the plaintiffs' complaint on the ground that the plaintiffs' claims for recklessness are legally insufficient. In opposition, the plaintiffs argue that a motion for summary judgment is not the proper vehicle for contesting the legal insufficiency of a pleading before the pleadings are closed.
In Boucher Agency, Inc. v. Zimmer, 160 Conn. 404, 279 A.2d 540
(1971), upon which the defendants rely for authority to bring the present motion, the court held that a motion for summary judgment may be used to test the legal sufficiency of a complaint. Id., 409. The court reasoned that since a legally insufficient complaint does not set forth a cause of action and the right of a plaintiff to recover is limited to the allegations of his complaint, a moving party is entitled to judgment as a matter of law[.] Id., 409-10.
At the time Boucher Agency, Inc. v. Zimmer was decided, Practice Book 379 provided that "any party may move for summary CT Page 3353 judgment, provided that the pleadings are closed as between the parties to that motion." (Emphasis added.) Practice Book 379 was amended to eliminate the requirement that the pleadings be closed before a motion is filed. Thus, at the time the defendants filed the present motion for summary judgment on November 5, 1993, Practice Book 379 provided that "any party may move for a summary judgment at any time. . . ." (Emphasis added.) Practice Book 379 (effective October 1, 1992).
The Supreme Court in Boucher Agency, Inc. v. Zimmer, supra, limited its holding that a motion for summary judgment may be used to test the legal sufficiency of a complaint to situations where "the parties are at issue on the answer filed. . . ." (Emphasis added.) Id., 409. The court stated that the proper way to contest the legal sufficiency of a complaint before the pleadings are closed is by a motion to strike. Id., 409. Only after the pleadings are closed, and the parties are at issue on an answer filed, may a motion for summary judgment be used to test the legal sufficiency of a complaint. Id., 409.
In the present action, the defendants have not filed an answer to the plaintiffs' complaint, and, therefore, the parties are not at issue on an answer filed. To allow a party to contest the legal sufficiency of a pleading by way of a motion for summary judgment, at this stage of the pleadings, would allow a party to substitute a motion for summary judgment for a motion to strike, and, thus, deny the plaintiff the right to replead under Practice Book 157.[1] Furthermore, "[t]he office of a motion for summary judgment is not to test the legal sufficiency of the complaint. . . ." Burke v. Avitable, 32 Conn. App. 765, 772,630 A.2d 624 (1993), citing Practice Book 384.
The proper vehicle to test the legal sufficiency of the plaintiff's complaint, at this stage of the pleadings, is a motion to strike and not a motion for summary judgment. Accordingly, the defendants' motion for summary judgment is improper and is denied.
Austin, J.