[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE SUMMARY JUDGMENT
FACTS
By a two count amended complaint filed with the court on September 30, 1993, plaintiff Lynne Drahan, a former tenured CT Page 6472 teacher in the East Lyme School District, seeks monetary and injunctive relief from the defendant, the Board of Education of Regional School No. 18 ("Board"). Count one of the complaint alleges that Drahan has been denied her federal and state constitutional rights to property without due process because the Board allegedly did not follow the statutory procedure, as set out in General Statutes § 10-151, Connecticut's Teacher Tenure Act, when it failed to renew her teaching contract.
Count two of the complaint, directed against the defendant Board and co-defendants Julius D' Agostino, superintendent of schools, Gail Karowski, principal of the school where Drahan taught, and Adam Borrows, an evaluator of Drahan's, alleges that the defendants breached their statutorily imposed duty to perform evaluations as mandated by General Statutes § 10-151b. Drahan claims that her evaluation and rating was "contrived, biased, and founded on matters totally unrelated to the expected conduct for `judgment,' as contained in the teacher/Board evaluation document." (Plaintiff's complaint, Count 2, paragraph 10).
By a motion dated July 22, 1994, and filed with the court on July 25, 1994, the defendants moved for summary judgment claiming that there are no genuine issues of fact in dispute and that they are entitled to summary judgment as a matter of law. Defendants' basic claim is that Drahan has no constitutional right to property and due process under the Teacher Tenure Act because she was not a tenured teacher at the time of her nonrenewal.
Drahan opposes defendants motion for summary judgment and claims that there are material issues of fact in dispute. Both sides have filed timely briefs in support of their respective positions along with many pages of contract documents, teacher evaluation reports, and related correspondence.
The following facts are undisputed. Drahan was hired to be a teacher in Regional School District No. 18 in September of 1974. She remained in her position through December of 1982. During this same period, Drahan received her standard teaching certificate in July of 1979, and later got professional certification in August of 1989. CT Page 6473
Because Drahan had worked for the same school board for a period exceeding 30 months from September of 1974 until December of 1982, it is also undisputed that she gained tenured status under the law. See General Statutes § 10-151
(6)(A). In December of 1982, however, Drahan requested and was granted maternity leave, and thus did not work for the remainder of the 1982-83 academic year.
Although Drahan had originally planned to return to her teaching duties for the 1984-85 school year, on June 18, 1984, she wrote to the superintendent of schools informing him that she had decided not to return to teaching in order to stay at home and raise her daughter. On June 20, 1984, the Board accepted Drahan's resignation with regret, and Drahan was notified of the formal acceptance by a letter dated and signed by the superintendent of schools on June 21, 1984.
In August of 1989, Drahan was offered a one year contract to teach in the district from August 30, 1989 until August 30, 1990. She accepted, and later was offered another one year contract from August 29, 1990 until August 31, 1991. At the expiration of the second contract, Drahan was offered and she accepted her third consecutive teaching contract with the Board to run from August 28, 1991 until August 31, 1992.
During the performance of this last contract, Drahan received some poor evaluations, and eventually the superintendent recommended to the Board that Drahan's contract not be renewed for the 1992-1993 school year. On March 25, 1993, the Board accepted the recommendations of the superintendent. Drahan was subsequently notified that her contract would not be renewed for the next academic year.
The defendants claim that they properly and legally terminated the employment of a non-tenured teacher pursuant to General Statutes § 10-151(c). In opposition, Drahan counters that she was a tenured teacher, and thus had the rights and protections afforded tenured teachers under Connecticut's Teacher Tenure Act.
DISCUSSION
"Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and CT Page 6474 that the moving party is entitled to judgment as a matter of law. The motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277,279, 567 A.2d 829 (1989).
"Pursuant to Practice Book § 384, summary judgment shall be rendered forthwith if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Although the party seeking summary judgment has the burden of showing the nonexistence of a material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Citation omitted.) Scinto v. Stamm, 224 Conn. 524, 530, 620 A.2d 99
(1993).
 General Statutes § 10-151(C) states: Except as provided in subparagraph (B) of this subdivision, any teacher who has attained tenure with any one board of education and whose employment with such board ends for any reason and who is reemployed by such board or is subsequently employed by any other board, shall attain tenure after completion of sixteen school months of continuous employment. The provisions of this subparagraph shall not apply if, (i) prior to completion of the sixteenth school month following commencement of employment by such board, such teacher has been notified in writing that his or her contract will not be renewed for the following school year or (ii) for a period of five or more calendar years immediately prior to such subsequent employment, such teacher has not been employed by any board of education.
(Emphasis added).
Drahan's main contention in opposition to the motion for summary judgment as to count one is that she was reemployed within five years of her initial resignation, worked for at least 16 consecutive school months, and thus had gained CT Page 6475 renewed tenure status and a property interest in her employment.
Drahan claims that she had until September 1, 1989 to regain employment with the Board in order to be eligible for the sixteenth month expedited re-tenure status. In making such a claim, she assumes that her resignation from teaching became effective as of September 1, 1989. Plaintiff's exhibit 4 makes it clear that the Board accepted her resignation on June 21, 1984. Thus, in interpreting the statute, the court finds that Drahan's had until June 21, 1989 to be rehired in order to regain her tenure status and begin the sixteenth month calculation. It is undisputed, however, that her first contract became effective on August 30, 1989. Thus, Drahan was not rehired within the statutorily mandated five year period.
Drahan's alternative assertion in support of her claim that she was a tenured teacher is based on an erroneous interpretation of the Teacher Tenure Act. Drahan urges this court to construe the term "calendar years," as used in the statute, to mean the period of time that runs from January 1 until December 31 of any given year. Under Drahan's interpretation, she would have until December 31, 1989 in which to be rehired because her resignation was effective in calendar year 1984. Thus, Drahan counts five years from the last date of the calendar year in which she resigned giving her until December 31, 1989 to take advantage of a rehire and the expedited sixteen month tenure track.
The court finds Judge O'Connel's interpretation of the term "calendar year" in deciding Drahan's motion for a temporary injunction worth repeating here. The court noted:
 Words of a statute are to be given their common and ordinary meaning, unless a contrary intent is clearly expressed. . . . Furthermore, when construing the words of a statute, a court reads the statute as a whole (and so as) to reconcile all parts as far as possible. . . .
 The term `calendar year' as used in General Statutes § 10-151 has not been interpreted by an appellate court in this state. Black's Law Dictionary, Fifth Edition, defines `calendar year' CT Page 6476 as the `period of time from January 1 to December 31 inclusive. Ordinarily calendar year means 365 days except leap year, and is composed of 12 months varying in length.' The meaning of the term `year' or calendar year' [however] must be determined from the connection in which it is used and from the intention, express or implied, of the user of the term. . . . When used as identification of a particular 12-month period, the term `calendar year,' is generally held to denote the period commencing January 1 and ending December 31. However, in the context of measuring a period of time following a specific date, the term `calendar year' has been interpreted to mean a period of 12 months commencing at a fixed or designated month and termination with the day of the corresponding month in the next succeeding year thereafter, rather than commencing January 1 and terminating December 31.
(Citations omitted; internal quotation marks omitted.)Drahan v. Regional School District No. 18, Superior Court, JD of New London at New London, DN. 523252 (December 23, 1992) (O'Connel, J.)
The court adopts the reasoning as set forth above, and finds that as matter of law, Drahan's reemployment with the Board occurred more than five years after her initial resignation. Thus, under the terms of General Statutes § 10-151, Drahan was not denied any due process or property rights because she was a non-tenured teacher whose "employment may be terminated at any time for any of the reasons enumerated in subdivisions (1) to (6), inclusive of subsection (d) of this section." General Statutes § 10-151(7)(C). Therefore, summary judgment is granted as to count one of Drahan's complaint.
As previously noted, count two alleges that Drahan was not "afforded an evaluation in accordance with Section10-151b" because of the negligent actions or non-actions and breaches of duties by the superintendent of school and other evaluators.
The defendants move for summary judgement on the ground CT Page 6477 that count two fails to state a cause of action. Specifically, defendants allege that because Drahan was a nontenured teacher, any deficiency in the evaluation process had no effect on her continued employment because she could be non-renewed with or without cause. In making this claim, the defendants are really attempting to strike count two of the complaint. "The proper way to have tested the legal sufficiency of the complaint would have been by demurrer before the pleadings were closed, or after an answer has been filed, by a motion for summary judgment pursuant to Practice Book § 303 [now § 387], `if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Boucher Agency, Inc., v.Zimmer, 160 Conn. 404, 409, 279 A.2d 540 (1971). Based onBoucher, the defendants are permitted to test the legal sufficiency of count two by the current summary judgment motion.
In support thereof, defendants rely on Shanbrom v. Boardof Education, Superior Court, JD of New Haven, DN. 301881 (July 11, 1991) (Schimelman, J). The plaintiff in Shanbrom was a non-tenured teacher whose contract was non-renewed. She brought suit against the local school board alleging that the "defendants were negligent in failing to properly evaluate her in accordance with Conn. Gen. Stat.10-151b during her employment." Id. Shanbrom, like Drahan in this case, claims that her evaluators departed from specific guidelines set up to aid evaluators.
In granting the defendant Board's motion to strike the negligent evaluation count, the court noted:
 Contrary to plaintiff's position that the teacher evaluation process impacts upon the non-renewal process, the criteria that [the] board of education must follow in order to nonrenew a nontenured teacher are found solely in Conn. Gen. Stat. 10-151
(c). Since the discretionary nonrenewal of a probationary teacher is not required to be for due cause, the described deficiencies in the evaluation program do not constitute a legal bar to nonrenewal of her employment.
Id. CT Page 6478
Having already found that Drahan was a non-tenured teacher under the statute, any negligence on the part of her evaluators would not diminish the discretionary nature of the renewal or nonrenewal of her contract as noted in Shanbrom,
supra.
Therefore, count two of plaintiff's complaint is insufficient as a matter of law because of Drahan's nontenured status.
CONCLUSION
For the above stated reasons, summary judgment shall hereby enter as to counts one and two of plaintiff's complaint.