[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff in this personal injury action has moved for summary judgment as to the defendants' second special defense, in which the defendants assert in their amended answer and special defenses that the action is barred by operation of the applicable statute of limitations.
The defendants have objected on two grounds: the first is that summary judgment cannot be granted as to a special defense. In the alternative, the defendants assert that if summary judgment is a procedure applicable to a special defense, it should not be granted because the facts set forth by the plaintiffs do not establish that the plaintiffs are entitled to prevail on the statute of limitations issue.
I. Availability of summary judgment to eliminate a specialdefense.
The text of Practice Book § 379, which defines the scope of the procedure for obtaining judgment summarily on the pleadings, does not mention special defenses:
 In any action . . . any party may move for summary judgment at any time, except that a party must obtain the court's permission to file a motion for summary judgment after the case has been placed on the assignment list or has been assigned for trial. These rules shall be applicable to counterclaims and cross complaints, so that any party may move for summary judgment upon any counterclaim or cross complaint as if it were an independent action. CT Page 10642
Practice Book § 384 provides that
 The judgment sought shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.
Practice Book § 386, which is titled "Judgment for Part of Claim" provides that summary judgment may be granted as to the part of a claim that is not affected by a defense.
There appears to be no guidance from the appellate court on the use of a motion for summary judgment to dispose of a special defense.
Because the rules of practice set forth above suggest that the summary judgment procedure applies to claims which result in a judgment, most trial court judges who have addressed the issue have ruled that the procedure may not be used by plaintiffs to achieve pre-trial disposition of special defenses. See Bycoski v.Gagne, 12 Conn. L. Rptr. 433 (1994); Centerbank v. SilvermineLand Investment Corp., 8 Conn. L. Rptr. 61 (1993); Espowood v.Springfield Terminal Railway Co., 7 Conn. L. Rptr. 147 (1992);Carothers v. Cappozziello, 3 Conn. L. Rptr. 341 (1991); Rogers v.Daley Development Co., 3 Conn. L. Rptr. 76 (1990); H.R. HilleryCo. v. Crystal Mall Associates, 2 CSCR 324 (1987).
Some trial court judges have, to be sure, decided motions for summary judgment addressed to special defenses without discussing whether the procedure is applicable to such circumstances. See,e.g. F.D.I.C. v. Fox Brook Associates, CV93-0525482 (J.D. Hartford/New Britain at Hartford, October 12, 1994); F.D.I.C. v.Baum, CV92-517503 (J.D. Hartford/New Britain at Hartford, March 13, 1995). Because the issue of the applicability of the summary judgment procedure was apparently not raised in those cases, the rulings are not persuasive on that point.
It is well settled that a defendant may move for summary judgment on the merits of a special defense where success on the defense will lead to a judgment against the plaintiff on the claim to which the special defense applies. See, e.g., Burns v.Hartford Hospital, 192 Conn. 451, 455 (1984); Boucher Agency,Inc. v. Zimmer, 160 Conn. 404, 409 (1979). It does not, however, follow that because summary judgment may be obtained based on a CT Page 10643 special defense, a summary judgment motion may be used in a situation in which the adjudication does not result in a judgment for either party. In the case now before this court, the plaintiff's success on the merits of the statute of limitation defense would not entitle the plaintiff to judgment: she would still have to prove the merits of her claim that the premises at which she fell were maintained in a defective condition.
The plaintiff argues that because summary adjudication of a special defense upon a motion by a plaintiff is both efficient and congruent with the ability of a defendant to pursue such a defense before trial, the existing rules of practice should be read as authorizing her motion. The desirability of a procedure does not, unfortunately, establish its existence; and individual judges of the Superior Court are not authorized to expand the rules of court adopted by the judges as a body pursuant to General Statutes § 51-14. As the rules presently exist, a special defense that is insufficient or invalid on its face may be eliminated by way of a motion to strike pursuant to Practice Book § 152; however, a special defense that can be established to be invalid only upon a factual showing cannot be eliminated by motion unless the result would be judgment on the claim at issue.
It may well be that the judges of the Superior Court will in the future extend the rules of civil procedure to provide for adjudication of non-dispositive special defenses on motions that entail evidentiary-submissions. There are, to be sure, some reasons not to adopt such a procedure — chiefly, the expense and burden imposed by motions that entail the preparation of affidavits and evidentiary submissions but that will not resolve any cause of action. At any rate, the present state of the court rules is that a party may seek adjudication of a special defense via a motion for summary judgment only if the adjudication will result in a full or partial judgment.
Because adjudication of the plaintiff's motion will not have the result described in Practice Book §§ 379-384, the motion is not authorized by the rules of practice, and it is therefore denied.
Beverly J. Hodgson Judge of the Superior Court CT Page 10644