[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On May 26, 1993, the plaintiff, Ballou Contracting (Contracting Co.), filed a complaint alleging in a single count that the defendant, Dr. Ali A. Khodadoust (Khodadoust), contracted for certain construction work to be done by the Contracting Co. The Contracting Co. alleges that the contract was thereafter modified by the parties for additional consideration, that all of the work called for under the contract and its modifications was duly completed, that it thereafter demanded the agreed upon total sum of $76,987.38, but that Khodadoust only paid a portion of the amount due and refused to pay the final $3,987.38, which remains due and owing.
On September 17, 1993, Khodadoust filed an answer with CT Page 13759 special defenses and also filed a two count counterclaim, which is the subject of the present motion for partial summary judgment. In count one of the counterclaim, Khodadoust alleges that there was a contract between the parties for work to be completed on his behalf, but that the Contracting Co. breached this contract in that it charged him premiums or referral fees for obtaining subcontractors to perform work; failed to complete work in a timely manner; failed to complete work in a manner consistent with accepted industry standards; and failed to complete the work for the price agreed upon while insisting upon additional monies above and beyond that agreed. In count two of his counterclaim, Khodadoust incorporates the above allegations and alleges that by engaging in such conduct the Contracting Co. breached public policy, engaged in unethical and unlawful practices, deceit, and misrepresentation, which conduct caused him to sustain an ascertainable loss. The counterclaim further alleges that these actions of the Contracting Co. fall within the proscription of CUTPA.
On December 21, 1994, the Contracting Co. filed an amended answer with a special defense to Khodadoust's counterclaim. The special defense asserts that, because Khodadoust had failed to allege that the Contracting Co. engaged in a pattern of conduct tending to indicate a course of business practice, he has failed to state a valid claim under CUTPA. On February 24, 1995, the Contracting Co. filed a motion for partial summary judgment as to count two of the counterclaim based on Khodadoust's failure to allege such a general business practice. Specifically, the Contracting Co. moves for partial summary judgment on the ground that count two of Khodadoust's counterclaim is legally insufficient because Khodadoust "has failed to allege a pattern of conduct indicating a course of business practice as is required to state a claim under the Connecticut Unfair Trade Practices Act."
On March 10, 1995, Khodadoust filed an objection to the motion. Pursuant to Practice Book § 380, both parties submitted appropriate supporting memoranda. Khodadoust also submitted a copy of the contract and copies of case law.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view CT Page 13760 the evidence in the light most favorable to the nonmoving party." (Citation omitted; internal quotation marks omitted.) HomeInsurance Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202, (1995). "In deciding a motion for summary judgment, the trial court is limited to considering the pleadings, affidavits, and other documentary proof submitted by the parties." Orticelli v. Powers, 197 Conn. 9, 15, 495 A.2d 1023
(1985). A party's claim may be severable into several different parts, some or all of which summary judgment may be rendered upon. DeLaurentis v. New Haven, 220 Conn. 225, 255 n. 15,597 A.2d 807 (1991).
In its memorandum of law in support of its motion for partial summary judgment, the Contracting Co. initially makes the procedural argument that the failure to file a motion to strike does not waive any rights to raise the legal sufficiency of a pleading. In opposition, Khodadoust argues that the Contracting Co. cannot contest the legal sufficiency of the counterclaim by use of a motion for summary judgment.
"The office or a motion for summary judgment is not to test the legal sufficiency of the [counterclaim], but is to test for the presence of contested factual issues." Burke v. Avitable,32 Conn. App. 765, 772, 630 A.2d 624, cert. denied, 228 Conn. 908,634 A.2d 297 (1993). Nevertheless, the Connecticut Supreme Court has stated that "[t]he proper way to . . . test the legal sufficiency of the [counterclaim] . . . after an answer has been filed [is] by a motion for summary judgment. . . ." (Emphasis added.) Boucher Agency, Inc. v. Zimmer, 160 Conn. 404, 409,279 A.2d 540 (1971). In the present case, the Contracting Co. filed an answer to Khodadoust's counterclaim on October 4, 1993, and an amended answer on December 21, 1994. The court may address the legal sufficiency of count two of Khodadoust's counterclaim on the Contracting Co.'s motion for summary judgment.
The Contracting Co.'s substantive argument in its memorandum in support of its motion is that Khodadoust has failed to allege that the wrongful acts occurred with such frequency as to indicate a general business practice and that he has based his claim on a single transaction. In opposition, Khodadoust argues that the majority of the trial courts have held that a single act may constitute a violation of CUTPA.
"The question has been raised in various cases as to whether a single act or transaction is covered by CUTPA. Although CT Page 13761 appellate decisions have not expressly addressed the issue, a significant number of decisions have involved what may be characterized as single acts, and the courts have evaluated each claim without comment on its being directed at a single act. The issue has been discussed in a number of trial court decisions, and most have found that a single act is sufficient.[1]
Decisions holding a single act is not sufficient to violate CUTPA frequently cite Mead v. Burns, a decision holding that proof of a general business practice is necessary to establish a violation of CUTPA based on a violation of . . . Conn. Gen. Stat. §§ 38-60 and 38-61(d), now Conn. Gen. Stat. §§ 38a-815 and 38a-816(6) of the Connecticut Unfair Insurance Practice Act ("CUIPA"). This result, however, is dependent on the specific language of § 38a-816(6) of CUIPA and is not applicable to CUTPA claims generally." (Emphasis added; footnotes omitted.) R. Langer, J. Morgan D. Belt, The Connecticut Unfair Trade Practices Act (1994) § 32 p. 45.
Moreover, "[t]he language of the act itself is inconclusive. Although § 42-110b(a) makes unlawful `unfair methods' and `unfair or deceptive acts or practices,' stated in the plural, § 42-110g(a) provides a remedy to any person who suffers an ascertainable loss as a result of a prohibited `method, act or practice,' stated in the singular." Id.
Nevertheless, "[b]ecause CUTPA is a self-avowed `remedial' measure, General Statutes § 42-110b(d), it is construed liberally in an effort to effectuate its public policy goals."Sportsmen's Boating Corp. v. Hensley, 192 Conn. 747, 756,474 A.2d 780 (1984). General Statutes § 42-110b(d) provides that "[i]t is the intention of the legislature that this chapter be remedial and be so construed."
Although this court has previously found that a single act does not constitute a CUTPA violation; see, e.g., Renz v. MilanoDevelopment, Superior Court, judicial district of New Haven, Docket No. 361546 12 Conn. L. Rptr. 328 (October 20, 1994) (Zoarski, J.); upon further consideration, in light of the majority of cases, recent commentary, and the remedial nature of CUTPA, a single act may constitute a CUTPA violation. Therefore the defendant's motion for summary judgment is denied.
Howard F. Zoarski, Judge