[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#102)
The plaintiff, Mark Hawes, commenced this action against the defendant, Legion Insurance Company, on October 11, 1995, for failure to pay medical and disability benefits on an insurance policy. In his four count complaint, the plaintiff alleges causes of action for breach of contract, a violation of the Connecticut Unfair Insurance Practices Act, General Statutes § 38a-816 et seq. (CUIPA), and the Connecticut Unfair Trade Practices Act, General Statutes § 42-110b et seq. (CUTPA).
On April 2, 1996, the defendant filed a motion for summary judgment, accompanied by a memorandum in support, as to the second, third, and fourth counts of the complaint, as well as paragraphs two, three and four of the plaintiff's ad damnam clause. On April 8, 1996, the plaintiff filed a memorandum in opposition to the defendant's motion for summary judgment.
A moving party is entitled to summary judgment where the pleadings and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book § 384.Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 105,639 A.2d 507 (1994). "The motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277,279, 567 A.2d 829 (1989). In deciding a motion for summary judgment the court is, "obliged to accept as true all well pleaded facts and the plaintiff's evidence offered in opposition to the defendant's motion, and to determine whether the plaintiff's claim is so clearly unenforceable as a matter of law that no factual development could possibly justify a right to recovery." Suarez v. Dickmont Plastics Corp., supra, 229 Conn. 110. CT Page 4069-A In addition, "the trial court must view the evidence in the light most favorable to the nonmoving party." Id., 106.
The defendant moves for summary judgment on counts two and three, alleging a violation of CUIPA, and count four, alleging a violation of CUTPA, on the ground that these allegations are legally insufficient.
"The office of a motion for summary judgment is not to test the legal sufficiency of the complaint, but is to test for the presence of contested factual issues." Burke v. Avitabile,32 Conn. App. 765, 772, 630 A.2d 624 (1993), cert. denied, 228 Conn. 908,624 A.2d 297 (1993). Although the court acknowledged thatBoucher Agency Inc. v. Zimmer, 160 Conn. 404, 408, 279 A.2d 540
(1971), held that a summary judgment motion is the proper way to test the legal sufficiency of a complaint after an answer has been filed, the Burke court nonetheless dismissed Boucher as anomalous since it had not been cited for such a proposition to this date. Burke v. Avitabile, supra, 32 Conn. App. 772, n. 9.
There is a split among the superior courts as to whether summary judgment is the appropriate vehicle to test the legal sufficiency of a complaint. In Hawthorne v. Lowe, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 301393 (March 31, 1995, Cocco, J.), the court held that "it is permissible for a motion for summary judgment to be used as a motion for judgment on the pleadings in certain limited situations. The use of a motion for summary judgment in this manner is appropriate where the propriety of summary judgment may be demonstrated upon the pleadings alone . . . or where a directed verdict would eventually lie because there is no real issue to be tried." (Citations omitted; internal quotation marks omitted.) In Schulof v. Stellato, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 138751 (January 9, 1996, Karazin, J.) the court cited Burke v.Avitabile, supra, in holding that the defendant should have filed a motion to strike rather than a motion for summary judgment. SeeSkirvin v. Kastens, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 044237 (January 9, 1996, Skolnick, J.).
In light of the recent decision of Burke v. Avitabile, supra, and in light of the fact that the defendant has not procured any evidence showing that there is no genuine issues of material fact, the defendant's motion for summary judgment is denied. CT Page 4069-B
ARNOLD, J.