[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTIONS FOR SUMMARY JUDGMENT
The plaintiff instituted the present actions against the Yale New Haven Hospital, Inc., which operates the Yale New Haven Child Sexual Abuse Clinic ("Clinic"), and various employees of the hospital who are involved in the operation of the Clinic. The plaintiff's multi count complaint is based upon factual grounds wherein he asserts that his former wife, as part of a divorce, made untrue allegations of sexual abuse by the plaintiff with respect to one of his minor daughters. After the plaintiff denied the allegations, he alleges his former wife contacted the Department of Children and Youth Services ("DCYS") and the Fairfield Police Department and advised them of her allegations. Plaintiff further claims that the Fairfield Police Department initially indicated it would not proceed further unless the child was examined by an expert in the area of child sexual abuse. The plaintiff further claims that his former wife, through her attorney, made an appointment with the Clinic. In addition, the plaintiff claims his former wife procured an exparte order for relief from abuse which barred him from any contact with his children. The plaintiff further claims that after many days of hearings, the Superior Court refused to extend the protective order and returned the plaintiff to his home and ordered the plaintiff's wife not to remove the children from the home.
The plaintiff alleges that the defendants prepared an "interim report" which was forwarded to the Fairfield Police and to DCYS without advising them of known limitations contained in that report. The plaintiff claims that after the issuance of the decision by the Superior Court declining to extend the protective order he was arrested by the Fairfield Police and the defendants contacted DCYS. While the defendants testified in court, the plaintiff asserts that such testimony is not the basis for the causes of action alleged but rather for the acts or omissions of the defendants during the legal proceedings and for the actions of the defendants out of court or after the Superior Court rendered its decision.
The defendants previously filed a Motion to Strike the plaintiff's eight count complaint and the court granted the Motion to Strike with respect to the first, second, third, fourth, fifth, sixth and eighth counts (respectively medical malpractice, Connecticut Unfair Trade Practices Act ("CUTPA"), recklessness, intentional interference with custodial rights, civil conspiracy, intentional infliction of emotional distress, and negligent infliction of emotional distress). The court denied the Motion to Strike the seventh count of the complaint, alleging defamation, on the grounds that the privilege claimed was a matter of defense and not pertinent to a Motion to Strike the allegations of the seventh count.
The plaintiff then filed a Substituted Complaint, making similar allegations. The defendants did not move to strike the claims of the Substituted Complaint nor did it seek a Request to Revise. The defendants did, however, file a Motion for Summary Judgment asserting that the plaintiff cannot state viable causes of action under Connecticut law. CT Page 6555
The plaintiff asserts that the court cannot consider the Motion for Summary Judgment because the defendants did not challenge the Substituted Complaint based upon a claim that it was legally insufficient, plaintiff, therefore, claims that the Motion for Summary Judgment should not be used to challenge the legal sufficiency of the complaint citing Burke v. Avitabile,32 Conn. App. 765 (1993), cert. den. 228 Conn. 908 (1993). However, in Drahan v. Board of Education, 42 Conn. App. 480, 498 (1996), the court stated at n. 17: "The defendant's motion for summary judgment was a proper way to test the legal sufficiency of this count of the second amended complaint. See Boucher Agency, Inc.v. Zimmer, 160 Conn. 404, 409, 279 A.2d 540 (1971)."
The court, therefore, believes it is appropriate to consider the motion for summary judgment at least in those situations where the court will not deny a plaintiff the right to plead over as would be the case if the defendants utilized a motion to strike.
In Zamstein v. Marvesti, 240 Conn. 549 (1997), the court held there is no duty of care running to an alleged or suspected sexual abuser imposed upon mental health professionals who have been engaged to evaluate whether there has "been sexual abuse. In so holding, the court noted that great harm may come to persons falsely accused of sexual abuse of children but also stated that
 "Mental health professionals retained to evaluate children for evidence of child abuse should be allowed to focus their complete attention on the child whom they are to evaluate. The primary responsibility of such professionals is to determine whether the child has been sexually abused. They should not be distracted from their duty by the spector of the potential liability to the suspected abuser in the event that their assessment of the child eventually turns out to be incorrect but honest." Zamstein v. Marvesti, supra, at 564.
The court in Zamstein, supra, also noted the provisions of General Statutes (rev'd. 1995) § 17a-101 which mandated the reporting of sexual abuse by health professionals such as the defendants. Sections of that statute provided that
 "Any person, institution or agency which, in good faith, makes the report required by this section shall be immune from any liability, civil or criminal, which might otherwise CT Page 6556 be incurred or imposed and shall have the same immunity with respect to any judicial proceeding which results from such report . . .
The plaintiff claims that the court, in Zamstein, supra, did not appropriately analyze the "in good faith" provisions of the statute and claims that this decision was wrongfully decided and urges this court to adopt the dissenting opinion in that case as the appropriate law for the State of Connecticut. The court cannot comply with such a request.
The allegations made in the substituted complaint, filed after Judge Hartmere's decision, do not change the analysis claims made in those counts by Judge Hartmere. Accordingly, this court adopts the reasoning of Judge Hartmere with respect to counts one through six inclusive and count eight. Meehan v. YaleNew Haven Hospital, et al, 16 CLR 437 (1996) (Hartmere, J.)
The provisions of General Statutes § 17a-101, quoted above, provides immunity which is "the same immunity with respect to any judicial proceeding which results from such report." Such immunity is absolute. Kelly v. Bonney, 221 Conn. 549 (1992);Petyan v. Ellis, 200 Conn. 243 (1986).
While the plaintiff may have been severely damaged by the actions of the defendants, the law does not allow redress to the plaintiff.
Accordingly, the Motions for Summary Judgment are hereby granted.
Rush, J.