[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] CORRECTED MEMORANDUM OF DECISION
The use of a motion for summary judgment to challenge the legal sufficiency of a complaint is a permitted use at least where an answer has been filed and the parties are at issue.Boucher Agency v. Zimmer, 160 Conn. 404 (1971). This case remains good law. The defendant, by way of special defense filed June 7, 1999, raised the two exclusions at issue here. On September 10, 1999, the plaintiff filed a reply claiming insufficient knowledge of such defenses and leaving the defendant to its proof. This reply was withdrawn on September 13, 1999. This last minute withdrawal of the reply should not be used to defeat the defendant's right to be heard on this motion. Boucher, Id., applies, but it cannot defeat the plaintiffs right to replead in the event he loses this motion.
Whatever may have been the claims against the defendant's insured, each of the three counts here are based solely on the defendant's denial of coverage to its insured. If that denial were proper, as a matter of law, all three counts must fail.
The plaintiff conceded at oral argument that it cannot escape the clutches of the "liquor" exclusion. Not so with respect to the "assault and battery" exclusion, argues the plaintiff, because such exclusion does not apply to his claims of active as opposed to passive negligence in locking the doors during the assault and preventing patrons from calling the police.
Based upon the broad language of the "assault and battery" exclusion, which this court should not torture, there is no meaningful distinction between claims of active or passive negligence. The language of the "assault and battery" exclusion is unequivocably clear. It applies to "any act or omission" and "regardless of the legal theory or basis upon which the insured is alleged to be legally liable or responsible. The alleged misconduct here fairly falls within those parameters. The words of the policy must be accorded their clear and practical meaning. Courts should not engage in forced construction providing meanings not evidently intended by the parties. Kelly v.Figueiredo, 223 Conn. 31 (1992). This is what the plaintiff asks of the court. It cannot make that quantum leap.
Although the defendant is correct on the merits, having used summary judgment as the functional equivalent of a motion to strike, it cannot defeat the plaintiffs right to replead. It is problematic as to what the plaintiff could now allege to defeat the applicability of the "assault and battery" exclusion. CT Page 13820 Nevertheless, the plaintiff has the right to make that attempt.
The motion is granted subject to the plaintiffs right to replead within 15 days hereof. Of course, if the plaintiff elects to replead it must assert some valid exception to the "assault and battery" exclusion. In any event, that issue remains for another day upon further motion of the defendant addressing the course of action elected by the plaintiff.
Licari, J.