[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
The defendants in the above-captioned case, one of three related cases that were transferred to the complex litigation docket, have moved for summary judgment. Though they fail to state in the text of their motion the ground upon which they assert that they are entitled to judgment as a matter of law, in their memorandum in support of the motion they state that they are entitled to judgment because the plaintiff has failed to state a cause of action in any of the counts of his complaint.[1] The defendants have raised the issue of the sufficiency of the complaint in a motion for summary judgment addressed to three counts that remain: Counts One, Two and Four.
In the first count of the December 14, 1999 complaint the plaintiff claims that his stepmother, defendant Rosemary Durkin, executrix of the estate of Joseph Durkin, breached fiduciary duties that she owed to him CT Page 12770 as a beneficiary of his father's estate by failing to investigate the true worth of shares the estate owned in the Durkin Co, a corporation engaged as a furniture and equipment dealer in which the plaintiff and his brothers, Gregory Durkin and Mark Durkin, were also shareholders. Kelley Durkin alleges that Rosemary Durkin either failed to determine that the shares were worth more than an earlier appraisal indicated, or knowingly failed to disclose information that related to the value of the shares when she proposed to the probate court a sale of the estate's shares to Gregory Durkin before distributing the assets of the estate to all beneficiaries. The plaintiff claims in the same count that Mark Durkin and Gregory Durkin, who are officers and directors of the Durkin Co., breached fiduciary responsibilities to him by, among other things, failing to prepare and give him access to up-to-date and accurate information concerning the financial affairs of the corporation. Specifically, the plaintiff claims that the corporation had signed a $50 million contract that substantially increased the value of the shares, and that this transaction should have been disclosed so that the plaintiff could protect his interests as a shareholder and as a beneficiary of his father's estate. The plaintiff has attached to his memorandum in opposition to the motion copies of corporate tax returns that indicate a precipitous increase in the corporation's receipts soon after Gregory Durkin's purchase of the estate's shares.
In the second count of the complaint, the plaintiff alleges that the defendants conspired and agreed to sell the controlling interest in the corporation without disclosing the new contract, and that their actions constituted a breach of their duties as fiduciaries.
The third count, which alleged abuse of process, has been eliminated by the granting in part of the request for leave to amend.
In the fourth count, a convoluted text titled "Accounting and Disgorgement," the plaintiff seeks an accounting of corporate expenditures and "an order of accounting as to the estate and the company's receipts and disbursements" and the imposition of a constructive trust on monies claimed to constitute unjust enrichment.
Can the Legal Sufficiency of the Claims be Raised by a Motion for SummaryJudgment?
The gravamen of the defendants' motion is that the plaintiff has failed to state a cause of action against Rosemary Durkin as executrix because her duty is to the estate, not to the beneficiaries; and that he has failed to state a cause of action against Mark Durkin and Gregory Durkin because the harm caused by their alleged conduct was harm to the corporation, not to shareholders, and that the plaintiff's claims can be CT Page 12771 brought only as a shareholder derivative action.
The plaintiff has raised as an initial issue that a claim of insufficiency of the pleadings cannot be raised by a motion for summary judgment. (The plaintiff has apparently abandoned his argument that summary judgment cannot be sought before the pleadings are closed. Practice Book Section 17-44 plainly provides that summary judgment may be sought "at any time." A prior version of the Practice Book had, before 1997, limited summary judgment motions to cases in which the pleadings were closed.)
In Burke v. Avitabile, 32 Conn. App. 765, 772, cert. denied,228 Conn. 908 (1993), the Appellate Court ruled that "[t]he office of a motion for summary judgment is not to test the legal sufficiency of the complaint, but is a test for the presence of contested factual issues." In that case, the trial court denied a motion for summary judgment in which the defendant claimed that the complaint failed to state a cause of action. The Appellate Court approved the denial of the motion. The movants cite Boucher Agency, Inc. v. Zimmer, 160 Conn. 404 (1971), in which the Supreme Court affirmed the trial court's decision granting summary judgment after the pleadings were closed, on the ground that the complaint did not state a cognizable cause of action. In that case, the Supreme Court ruled that the insufficiency of the pleading should have been raised by a motion to strike, and that, absent agreement on the facts, a motion for summary judgment was not the correct procedure. The Court affirmed the result on the basis that there was no prejudicial error because the complaint indeed did not state a cause of action.
Contrary to the argument of the defendants, the Supreme Court did not authorize the use of a motion for summary judgment to assail the legal sufficiency of a complaint; rather, it said that such a procedure was "incorrect":
 The complaint in the present case does not set forth a cause of action and the trial court correctly so concluded although the procedure for reaching that conclusion was incorrect.
Id., 410. As the Court pointed out, a ruling granting summary judgment results in a judgment conclusive on both parties. Id., 408. If a motion to strike is granted, the party whose pleading is stricken for legal insufficiency has an opportunity to plead over, with no res judicata effect as to the transactions at issue. Practice Book § 10-44. If the distinction between a motion to strike and a motion for summary judgment were not observed, a party could achieve a judgment with res judicata effect where it was not entitled to judgment as a matter of law with CT Page 12772 regard to the transaction at issue, but where there was merely an error in pleading the claim. The Supreme Court did not, in Boucher or in any other case cited to this court, approve the use of a motion to strike to test the legal sufficiency of a complaint where the facts are in dispute. While it did not remand for use of an incorrect procedure, it also did not declare that motions for summary judgment could thenceforth be used in the same way; rather, it stated clearly that such a procedure was "incorrect." Since Boucher was decided in 1971, the Practice Book has continued to provided that claims of legal insufficiency are to be raised by a motion to strike, Practice Book § 10-39, while summary judgment may be granted only if on the undisputed material facts the movant is entitled to judgment as a matter of law. Practice Book § 17-49.
Under the present rules of procedure, it thus appears that a defendant who fails to challenge the legal sufficiency of a complaint by filing a timely motion to strike must await the close of evidence to make a motion for evidentiary nonsuit in a bench trial or a motion for a directed verdict in a jury trial.
This court expresses no opinion whether a motion for summary judgment can be used to raise the legal sufficiency of a claim where the facts are undisputed and the pleadings are closed, because in the instant case neither circumstance exists.
This court likewise expresses no opinion on the legal adequacy of the challenged counts.
Conclusion
The motion for summary judgment is denied as the motion is not the pleading authorized in the Practice Book for raising an issue of the legal sufficiency of the complaint where the material facts are in dispute.
Beverly J. Hodgson Judge of the Superior Court