[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
After reconsideration, the court issues this memorandum of decision to articulate its reasoning in denying the defendant's motion for permission to file a motion for summary judgment concerning the plaintiff's prayer for relief.
 BACKGROUND
The present action arises out of a motor vehicle accident which allegedly occurred on November 25, 1997 in Hartford, Connecticut. Plaintiff claims, in a one count complaint, dated April 6, 1998, that, at the time of the accident, she was the operator of a motor vehicle which was struck by a vehicle being driven by the defendant, after the defendant went through a red light. Complaint, ¶ 3. She contends that the collision occurred due to defendant's negligence and carelessness, in one or more of several ways. Complaint, ¶ 4. As a result, plaintiff claims she suffered various injuries and damages. Complaint, ¶¶ 5-7. In her prayer for relief, plaintiff seeks double damages, treble damages, attorney's fees, interest, and other relief.
No motion to strike was filed by the defendant. Instead, she filed an answer and special defenses, dated September 10, 1998, followed by an amended answer and special defenses, dated November 3, 1998. By notice dated August 4, 2000, the court advised the parties that the matter had been scheduled for jury selection on January 18, 2001.
On December 6, 2000, the defendant filed a motion for summary judgment, dated November 29, 2000, seeking summary judgment "with respect to the prayer for relief requesting double, treble damages, attorneys' fees, and interest." In response, the plaintiff filed a memorandum of law in opposition to the motion, dated December 12, 2000, in which she noted CT Page 2229 that the defendant had not complied with § 17-44 of the rules of practice, which provides that a "party must obtain the judicial authority's permission to file a motion for summary judgment after the case has been assigned for trial." The defendant then presented her motion for permission to file summary judgment, dated December 14, 2000, which was accompanied by a new motion for summary judgment of the same date. The second motion for summary judgment, and the memorandum of law submitted with it, appear to be identical in content to the papers filed in connection with the first motion for summary judgment. The plaintiff's objection to the motion for permission, dated December 19, 2000, then followed.
On January 8, 2001, only the original motion for summary judgment and the objection to the motion for permission were printed on the short calendar. On that date, by agreement of the parties, the court heard argument on both the motion for permission and concerning summary "judgment. The court issued an order, dated January 9, 2001, in which it denied the motion for permission to file summary judgment.
In response to the court's order, on January 22, 2001, the defendant filed a notice of intent to appeal, a motion for articulation, and a motion for reconsideration. The court has granted the latter two motions and now issues this memorandum of decision. Jury selection in this matter is currently scheduled to commence on March 1, 2001.
 DISCUSSION
In support of the motion for permission, the defendant argues that she would be prejudiced if the court denied her the "right to have an appropriate legal issue considered prior to the full trial of this matter." Motion for Permission To File Summary Judgment, p. 1. In support of her motion for summary judgment, she argues that "Connecticut courts have held that a party may use a summary judgment motion to test the legal sufficiency of a complaint." Memorandum In Support Of Defendant's Motion For Summary Judgment, p. 3.
The plaintiff's Memorandum of Law In Opposition To Defendant's Motion For Summary Judgment, at pp. 3-4, contends that a motion for summary judgment is not the proper method by which to challenge a prayer for relief. In her objection to the motion for permission, at p. 1, the plaintiff argues that the motion for summary judgment, which is addressed only to the prayer for relief, would only serve to delay the proceedings and do nothing to simplify the issues or the evidence to be presented at trial. CT Page 2230
Our Supreme Court has stated that a motion for summary judgment may be utilized to demonstrate that a "complaint . . . does not set forth a cause of action." Boucher Agency, Inc. v. Zimmer, 160 Conn. 404, 410,279 A.2d 540 (1971). The defendant's proposed motion for summary judgment, however, is not premised on a claim that the complaint does not state a cause of action. Instead, it is addressed only to the prayer for relief.
Numerous courts have held that a motion for summary judgment is an improper method by which to challenge a prayer for relief. "A prayer for relief does not constitute a cause of action. . . . . The only pretrial method to attack a prayer for relief is a motion to strike. Practice Book 152 [now 10-39] provides "whenever any party wishes to contest . . . the legal sufficiency of any prayer for relief in any complaint, counterclaim, or cross-complaint . . . the party may do so by filing a motion to strike. . . ." (Internal quotations and citation omitted.) Hoeyv. Textron, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 270203 (March 17, 1994, Rodriquez, J.) (9 C. S. C. R. 423); Machnik v. Peterson, Superior Court, judicial district of New London at New London, Docket No. 551388 (April 25, 2000, Martin, J.) (same); Demarest v. Norwalk Fire Department, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 165007 (March 24, 2000, D'Andrea, J.) (26 C.L.R. 499) (same); Dallicker v. The MaritimeCenter At Norwalk, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 130200 (April 15, 1997, Lewis, J.) (same). While the defendant has cited decisions which address the adequacy of pleadings to state a cause of action for recklessness, she has provided no authority for the proposition that a motion for summary judgment may be utilized to challenge a prayer for relief.
If the defendant has been prejudiced in any way, that is as a result of her having not filed a motion to strike. In any event, she has not been unduly prejudiced. At the time of trial, the defendant may, if she wishes, present a motion in limine. See rules of practice, § 15-3. In addition, she will have the opportunity, at the close of plaintiff's evidence at trial, to present a motion for a directed verdict. Finally, at trial, the defendant will also be able to request the court to give instructions to the jury concerning the law as to what damages may be awarded.
 CONCLUSION
A motion for summary judgment is an inappropriate method by which to challenge a prayer for relief. The defendant will have adequate opportunities at trial to address the issues concerning what damages may be awarded. Accordingly, the motion for permission to file summary judgment is denied. It is so ordered.
BY THE COURT
ROBERT B. SHAPIRO JUDGE OF THE SUPERIOR COURT