[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON PLAINTIFF'S OBJECTIONS TO DEFENDANTS' REQUESTS TO REVISE
Objections to Request to Revise paragraphs 3, 4, 9 and 10. Objections overruled.
Defendants' Request to Revise, paragraphs 3, 4, 9 and 10 seek to eliminate from plaintiff's complaint all references to alleged violations of the Rules of Professional Conduct and the Code of Professional Responsibility (Rules and Code). The Rules and Code cannot form a basis to actions for civil liability.
The preamble to the Rules of Professional Conduct unambiguously states that the Rules "are not designed to be a basis for civil liability:"
 "Violation of a Rule should not give rise to a cause of action nor should it create any presumption that a legal duty has been breached. The Rules are designed to provide guidance to lawyers and to provide a structure for regulating conduct through disciplinary agencies. They are not designed to be a basis for civil liability. Furthermore, the purpose of the Rules can be subverted when they are invoked by opposing parties as procedural weapons. The fact that a Rule is a just basis for a lawyer's self-assessment, or for sanctioning a lawyer under the administration of the disciplinary authority, does not imply that any antagonist in a collateral proceeding or transaction has standing to seek enforcement of the Rule. Accordingly, nothing in the Rules should be deemed to augment any substantive legal duty or duties or the extra-disciplinary consequences of violating such a duty."
P.B., Rules of Professional Conduct (1986) Preamble. CT Page 8802 See also Noble v. Marshall, 23 Conn. App. 227231, (1990); Imperial Casualty and Indemnity Co. v. Arnold Bai et al., U.S.D.C. No. B-90-469 (E. Burns, J.) (D.Conn. June 20, 1991) in which the court stated: "[A] violation of the Rules of Professional Conduct does not give rise to a cause of action for legal malpractice . . ." page 4 of decision. (Judge Burns also stated that the Rules and Code cannot act as a bar to a valid malpractice action.
See also Connecticut National Bank v. Rytman et al., 15 Conn. L. Trib. No. 13 at 209, 210 (1989) (Conn.Supr.Ct., 1989, Noren, J.) citing with approval Sullivan v. Birmingham, 11 Mass. Appr. Ct. 359, 416 N.E.2d 528
at 534 (1981) holding that "[W]hile an attorney may be liable in damages to a person injured by his or her misconduct, that liability must be based on a recognized and independent cause of action and not on ethical violation. . . . The Canons of Ethics and Disciplinary Rules provide standards of professional conduct of attorneys and not grounds for civil liability."
2. Objections to Request to Revise, paragraphs 6 to 7. Objections sustained. References to agreements, whether in writing or oral can be developed through the discovery process.
3. Objection to Request to Revise paragraph 12. Objection overruled.
Declaratory judgment action is inappropriate, when, as in this case, the remaining counts clearly afford a speedy, effective, convenient, appropriate, and complete proceeding to determine plaintiff's rights and relationships. England v. Coventry, 183 Conn. 362, 365
(1981). Connecticut Savings Bank v. First National Bank, 133 Conn. 403, 410 (1947), Leoni v. Water Pollution Control Authority,21 Conn. App. 77, 83 (1990).
ARNOLD W. ARONSON, JUDGE.