[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE:MOTIONS FOR SUMMARY JUDGMENT
On April 12, 1993, the plaintiff, Gaetano Marino, filed a revised complaint sounding in legal malpractice against the defendant attorneys, Edward Peters and Anthony Polvino, arising out of the alleged negligent prosecution of the plaintiff's criminal appeal. The plaintiff claims that he hired the defendants to represent him in an appeal from his narcotics conviction and to defend him on various other charges. In the first count of the revised complaint, the plaintiff alleges that Peters was negligent in failing to prosecute the appeal properly, thereby causing the plaintiff to be subject to the trial court's original sentence of six years. In the second count, the plaintiff alleges that Peters "was negligent in that he caused the plaintiff to place a mortgage against his home with reference to the fee of defendant Peters and thereafter caused him to sell said property at a lower than market price . . . ." The identical claims are made by the plaintiff against defendant Polvino in the third and fourth counts of the revised complaint.
On May 27, 1993, Peters filed a motion to strike the second count of the revised complaint on the ground that alleged violations of the Rules of Professional Conduct cannot give rise to a civil cause of action. On August 9, 1993, Judge Hadden denied the motion without a written decision. CT Page 12784-K
On September 8, 1993, defendant Peters filed an answer with a special defense (collateral estoppel), denying the plaintiff's allegations of negligence. Thereafter, on December 30, 1993, Polvino filed an answer to the plaintiff's revised complaint also denying the plaintiff's allegations of negligence. CT Page 12785
On April 18, 1995, Peters filed a motion for summary judgment (#135) as to the second count of the plaintiff's revised complaint on the grounds that (1) the defendant did not owe a fiduciary duty to the plaintiff until the representation agreement was signed; (2) the plaintiff is collaterally estopped from relitigating this claim because the local and statewide grievance panels have already determined the reasonableness of the fee arrangement at issue; and (3) a violation of the Rules of Professional Conduct does not give rise to a cause of action for legal malpractice. In support of this motion, Peters filed a memorandum of law along with copies of the representation agreement, the promissory note, the mortgage deed, the plaintiff's complaint to the grievance committee, the determination by the local grievance panel, and the determination by the statewide grievance committee. Likewise, on May 2, 1995, Polvino filed a motion for summary judgment (#136) as to the fourth count of the revised complaint on the same grounds stated by Peters. In support of his motion, Polvino relies on the memorandum submitted by Peters. The plaintiff filed an opposing memorandum on May 4, 1995.
"The motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven,213 Conn. 277, 279, 567 A.2d 829 (1989). "Pursuant to Practice Book § 384, summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Suarez v. Dickmont Plastics Corp.,229 Conn. 99, 105, 639 A.2d 567 (1994). "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether such issues exist." Nolan v. Borkowski, 206 Conn. 495, 500, 538 A.2d 1031
(1988). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts." (Internal quotation marks omitted.) Haesche v. Kissner, 229 Conn. 213,217, 640 A.2d 89 (1994).
"The office of a motion for summary judgment is not to test the legal sufficiency of the complaint, but is to test the presence of contested factual issues. Practice Book § 384." CT Page 12786Burke v. Avitable, 32 Conn. App. 765, 772, 630 A.2d 624, cert. denied, 228 Conn. 908, 634 A.2d 297 (1993). In Burke v.Avitable, the court noted that Boucher Agency, Inc. v. Zimmer,160 Conn. 404, 408-09, 279 A.2d 540 (1971), "seems to indicate that a motion for summary judgment can be used to test the legal sufficiency of the complaint," but "the fact that it was decided in 1971 and has not been cited for that proposition to this date," led the court to conclude that it is "anomalous." Id. The defendants in the present case have moved for summary judgment on the grounds that the plaintiff has failed to state a claim for which relief can be granted. There is a question as to whether a motion for summary judgment is the appropriate vehicle to such claims.
Peters argues in his memorandum that negligence is a breach of a duty owed by one person to another, and that where there is no duty there can be no breach. Further, the defendant maintains that the professional relationship giving rise to a fiduciary duty does not arise until the attorney is consulted in a legal capacity and the representation agreement is executed. Therefore, the defendant claims that until Marino signed the representation agreement, he was not a person to whom Peters owed a fiduciary duty, and that Peters was free to negotiate a fee agreement with the plaintiff.
The plaintiff argues in his opposing memorandum that the defendant persuaded the plaintiff to give him a mortgage to secure the fee after the parties negotiated and entered into an attorney-client relationship, allegedly representing to the plaintiff that this step was necessary to protect the plaintiff from the possibility of a civil forfeiture action. Further, the plaintiff claims that the second count (1) alleges legal malpractice in the context of an ongoing attorney-client relationship; (2) is not based on a claim of simple negligence between the parties outside that relationship; and (3) is not based on the reasonableness of the fee arrangement.
Here, the attorney-client relationship was established before the mortgage was procured, therefore, the defendants' arguments fail. In Somma v. Gracey, 15 Conn. App. 371, 379,544 A.2d 668 (1988), a case relied on by the defendants, the court stated that the attorney-client relationship, giving rise to the attorney's fiduciary duty, "is established when the advice and assistance of the attorney are sought and received in matters pertinent to his profession," and not, as the defendant CT Page 12787 contends, when the fee agreement is signed. Once the plaintiff sought the assistance and advice of the defendants, an attorney-client relationship arose and the defendant owed a fiduciary duty to the plaintiff. Furthermore, as the plaintiff argues and the documents submitted by Peters indicate, the mortgage was not entered into until November 10, 1988, nine days after the fee agreement was executed. Therefore, even under the defendants' reasoning, the mortgage, which is the subject of the plaintiff's second and fourth counts, was procured after the attorney-client relationship giving rise to the defendants' fiduciary duty was established.
The defendant next argues that the plaintiff is collaterally estopped from litigating the reasonableness of the fee agreement based on a prior determination by the statewide grievance committee concerning the reasonableness of the fee. The plaintiff argues in his opposing memorandum that the issues framed by the second count are not those presented to the grievance committee, although they involve some of the same factual allegations. The plaintiff claims that ethical requirements and the actions of the grievance committee are not even relevant to his legal malpractice action, and, therefore, that the doctrine of collateral estoppel does not apply.
In Weiss v. Statewide Grievance Committee, 227 Conn. 802,819, 633 A.2d 282 (1993), the Supreme Court stated that "[t]here are no adversary parties [to grievance proceedings] in the technical sense." "Thus, in a legal sense, neither the plaintiff nor the statewide grievance committee was a `party' to the grievance proceedings against whom the doctrines of res judicata or collateral estoppel can properly be applied." Id. The Court concluded that "the trial court properly determined that the doctrines of collateral estoppel and res judicata were inapplicable. . . ." Id. Based on Weiss v. Statewide GrievanceCommittee, the defendants may not assert the doctrine of collateral estoppel against the plaintiff because the plaintiff was not a party, in a legal sense, to the grievance proceedings.
Finally, Peters argues that even if there were some ethical violation in forming the fee agreement, no claim for legal malpractice arises from a claimed violation of the Rules of Professional Conduct. In support of this argument, the defendant relies on Noble v. Marshall, 23 Conn. App. 227,579 A.2d 594 (1990). The plaintiff argues in his opposing memorandum that the second count is not based on a claim that CT Page 12788 the Rules of Professional Conduct were violated, and, accordingly, the defendants' motions should be denied.
The defendants' reliance on Noble v. Marshall is misplaced. Noble stands for the proposition that "the Rules of Professional Conduct do not of themselves give rise to a cause of action." Id., 231. In Noble, the "crux of the defendant's argument" in support of her CUTPA counterclaim was "her reliance upon plaintiff's alleged violation of Rules 1.5(a) of the Rules of Professional Conduct." Id., 230. The defendants attempt to extend Noble to insulate attorneys from civil liability whenever their alleged acts of misconduct are also addressed by the Rules. While the allegation that the defendants violated the Rules alone may not be sufficient to state a cause of action, conduct proscribed by the rules may, in concert with other claims, give rise to a cause of action in legal malpractice. See Foreman v. Hausman, 6 CSCR 941, 942 (October, 1991, Aronson, J.), citing Imperial Casualty Indemnity Co. v. Arnold Bai,
U.S.D.C. No. B-90-469 (D. Conn. June 20, 1991, Burns, J.) (while a violation of the Rules of Professional Conduct does not give rise to a cause of action for legal malpractice, the Rules and Code cannot act as a bar to a valid malpractice action).
In the present case, the plaintiff does not base his claim solely on a violation of the Rules; the complaint makes no reference to the Rules. Because the plaintiff is not relying on a violation of the Rules as the sole basis of his claim in the second and fourth counts of the revised complaint, Noble does not apply and the defendants' final argument fails.
This court believes, further, that the defendants' motions for summary judgment should be denied based on the "law of the case" as established by Judge Hadden's August 9, 1993, order denying Peters' motion to strike. Said motion to strike was filed on grounds similar to or the same as those relied on in the present motion, except for the defendants' failed collateral estoppel argument. "Where a matter has previously been ruled upon interlocutorily, the court in a subsequent proceeding in the case may treat that decision as the law of the case, if it is of the opinion that the issue was correctly decided, in the absence of some new or overriding circumstances.Miller v. Kirschner, 225 Conn. 185, 191, 621 A.2d 1326 (1993).
For the reasons stated above, the defendants' motion for summary judgment are denied. CT Page 12789
Martin, J.