[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
Facts:
The plaintiff, Ford Motor Credit Company, commenced the present action against the defendant, Phyllis I. Britton, by service of a writ of summons and complaint on May 8, 1995. Attached to the complaint at the time of service was a copy of a document entitled "Assignment" which is a blank, unsigned form, and a copy of the original "Retail Installment Contract" complete with signatures. The complaint is an action for collection of a debt.
On July 26, 1995, the defendant filed an answer, special defense and counterclaim. The special defense and counterclaim allege breach of express warranties made by Torrington Ford, [footnote omitted] the seller of the vehicle.
The plaintiff filed the present motion for summary judgment on January 3, 1996, wherein it argues that there are no facts in the special defense or counterclaim which apprise Ford Motor Credit Company of the basis for defendant's claim against the plaintiff, Ford Motor Credit Company. In addition, the plaintiff argues that the special defense and counterclaim appear to be CT Page 1324 based on Connecticut General Statutes § 42-220, et seq, the Used Car Lemon Law, which holds a "dealer" liable for upholding a warranty on vehicles sold. The plaintiff argues that it is a credit company and that it is inconceivable that it would be responsible for a dealer warranty as alleged by the defendant. . . .
The defendant . . . relies on the language of the "Retail Installment Contract" for the proposition Ford Motor Credit Company is responsible for a dealer warranty as alleged by the defendant. The pertinent language of the Retail Installment Contract which was appended to the complaint and now relied upon by the defendant, is as follows: "Any holder of this consumer credit contract is subject to all claims and defenses which the debtor could assert against the seller of goods or services obtained pursuant hereto or with the proceeds hereof." . . .
Discussion: . . . Use of Summary Judgment to Test LegalSufficiency of Complaint
"The office of a motion for summary judgment is not to test the legal sufficiency of the complaint, but is to test for the presence of contested factual issues. Practice Book § 384."Burke v. Avitabile, 32 Conn. App. 765, 772 (1993). "Cf. BoucherAgency, Inc. v. Zimmer, 160 Conn. 404, 408-409, 279 A.2d 540
(1971), which seems to indicate that a motion for summary judgment can be used to test the legal sufficiency of the complaint prior to judgment. While recognizing Boucher, the fact that it was decided in 1971 and has not been cited for that proposition to this date, leads us to the conclusion that it is anomalous." Burke v. Avitabile, supra, 32 Conn. App. 772 n. 9.
There is a split of agreement at the superior court level on whether a motion for summary judgment is the proper vehicle for challenging the sufficiency of the pleadings.[2] This court, however relying on Boucher Agency v. Zimmer, 160 Conn. 404,279 A.2d 540 (1971), wherein the court ruled that a motion for summary judgment may be used to test the legal sufficiency of a complaint where "the parties are at issue on an answer filed," and only "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact. . .", has allowed a motion for summary judgment to challenge the sufficiency of the pleadings. Id., 409. (See Walkerv. Town of New Milford, Superior Court, judicial district of Litchfield at Litchfield, Docket No. 062598 (Apr. 18, 1995, CT Page 1325 Pickett, J.) In Walker v. Town of New Milford, supra, this court held that because "the defendants . . . filed an answer and special defense, and the plaintiffs . . . filed a reply to the special defense, the defendants may test the legal sufficiency of the plaintiffs' complaint through this motion for summary judgment." Id.
In the present case, the defendant filed an answer, special defense and counterclaim and the plaintiff has filed its reply to the special defense and the counterclaim. Therefore, the court will allow the motion for summary judgment to contest the sufficiency of the counterclaim. The court, however, finds that the plaintiff has not sustained its burden of demonstrating the absence of the genuine issues of material fact for several reasons.
First, the affidavit submitted in support of the motion for summary judgment states that Ford motor credit Company "was merely the finance company in the transaction" at issue and that "any warranties given to the [d]efendant . . . would have issued from the dealer, Torrington Ford., Inc." The plaintiff argues that it is not a dealer under Connecticut General Statutes §42-220, et seq, the Used Car Lemon Law, which holds a "dealer" liable for upholding a warranty on vehicles sold. "Dealer" is defined as "any person, firm or corporation licensed pursuant to Section 14-52, as a new car dealer or used car dealer as defined in Section 14-51." General Statutes § 42-220(1). "A "used car dealer" includes any person, firm or corporation engaged in the business of merchandising motor vehicles other than new, who may, incidental to such business, repair motor vehicles or cause them to be repaired by qualified persons in his employ. He shall conduct such business and have a suitable and adequate place of business, which shall be determined to be such by the Commissioner." General Statutes § 15-51. Although the affidavit states that Ford Motor Credit Company is not a dealer within the meaning of the applicable statutes, this ignores the terms of the contract between Torrington Ford and the defendant which states that "Any holder of this consumer credit contract is subject to all claims and defenses which the debtor could assert against the seller of goods or services obtained pursuant hereto or with the proceeds hereof." If Ford Motor Credit is indeed a "holder" of the credit contract, it may very well become liable as a result of the contract.
Genuine issues of material fact exists not only with regard CT Page 1326 to whether Ford Motor Credit Company would become liable for the claims of the defendant under the contract, there also exists a question of fact with regard to the assignment between Ford Motor Credit Company as an assignee and the assignor, presumably Torrington Ford. The question of fact is raised by virtue of the assignment itself. The assignment appended to the plaintiff's complaint is a blank form document completely devoid of information and signatures. "[S]ummary judgment is to be denied where there exist `genuine issues of fact and inference of mixed law and fact to be drawn from the evidence before the Court.'"United Oil Co. v. Urban Redevelopment Commission, supra,158 Conn. 379, quoting White v. United States, 271 F.2d 13, 18
(4th Cir.). Although the assignment is not alleged in the counterclaim, the court looking to the complaint, can not determine if indeed Ford Motor Credit was an assignee of the contract as alleged in its complaint.
Because genuine issues of material fact exists with regard to the defendant's counterclaim the plaintiff's motion for summary judgment is denied.
Pickett, J.